UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SEUNGICK CHUNG | : |
| | : CIVIL ACTION NO. |
| | : |
| | : COMPLAINT AND |
| V. | : DEMAND FOR JURY TRIAL |
| | : |
| GRACE ROAD CHURCH (in New York, NY), | : |
| GRACE ROAD CHURCH (in South Korea), | : |
| OK-JOO SHIN | : December 3, 2013 |

## COMPLAINT

## INTRODUCTION

1. The Plaintiff **SEUNGICK CHUNG** , brings an action against defendants for personal injury sustained at Grace Road Church.

## THE PARTIES

2. The Defendant, Grace Road Church, is a South Korean non-profit corporation with a principal address of 159 Juam-dong, Gwacheon-si, Gyeonggi-do, The Republic of Korea (South Korea).

3. The Defendant, Grace Road Church, is a church established by the Defendant Shin and Grace Road Church South Korea with a principal address of 36 03 164th Street, Flushing, New York 11358.

4. The Defendant Shin is an individual residing in The Republic of Korea and is the head minister and the founding member of both the Grace Road Church in Korea and Grace Road Church in New York with a principal address of 159 Juam-dong, Gwacheon-si, Gyeonggi-do, The Republic of Korea.

5. At all relevant times and upon information and belief, there was such a unity of interest between the Defendants that for all intents and purposes there was never any individuality and separateness between the Defendants, and that the Defendants are the instrumentality and alter-ego of each other.

6. The Plaintiff, SEUNGICK CHUNG, is an individual residing in the state of Connecticut.

### JURISDICTION AND VENUE

7. The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

8. Jurisdiction of this Court arises under 28 U.S.C. Section 1332, in that there is a diversity of citizenship of the parties.

9. Venue in this district is appropriate, since the Defendants target their ministry to individuals in this District, the Plaintiff and witnesses reside in this district.

### FACTUAL ALLEGATIONS

10. The Plaintiff has a history of severe mental and has been diagnosed with Schizophrenia (Paranoid Type), Anxiety Disorder with a history of Seizure Disorder. Additionally, at all relevant time in this complaint, the Plaintiff has been taking a number of drugs to treat his mental illness.

11. The Defendant, Ok-Joo Shin (hereinafter "Ms. Shin" ) is the senior pastor and the founding member of the Defendant Grace Road Church in the Republic of Korea (hereinafter "Korean Grace Road Church") who ministers in the United States including Connecticut.

12. Grace Road Church in the U.S (hereinafter "U.S Grace Road Church") is a wholly owned subsidiary church of Korean Grace Road Church.

13. In the beginning of September 2012, Ms. Shin and church members (hereinafter "the church members"), including the elder sister of the Plaintiff, a non-party, Myung Hee Chung (hereinafter "Ms. Chung"), entered into the U.S for the purpose of establishing a subsidiary church, U.S Grace Road Church.

14. The said church members and Ms. Chung are the employees of the Korean Grace Road Church and the Defendant, Shin.

15. From the time when Ms. Shin and the church members came into the U.S to October 12, 2012, the church members used three different residential properties in succession as the location for U.S Grace Road Church.

16. The said residential properties are also used as residences for the church members and the Defendant, Ms. Shin as well as a place for worship.

17. In the beginning of September 2012, Ms. Chung invited the Plaintiff to live with her and the Defendant, Ms. Shin, and to participate in worship.

18. The invitation was a part of plan to treat the Plaintiff's severe psychosis with religious healing.

19. Shortly after the invitation, the Plaintiff moved in with Ms. Chung and the Defendant, Ms. Shin at their church.

20. The Plaintiff's stay with the Defendants continued until October 12, 2012.

21. During the stay, the Defendant, Ms. Shin and the other church members prevented Mr. Chung from taking his medications, which were necessary to keep his symptoms under control.

22. Discontinuing of the medications was a part of attempting to cure his illness with religious healing.

23. The discontinuance of his medications caused outburst of Mr. Chung's visual /auditory hallucination, suicidal thoughts, self-mutilation, self-deprivation of foods and other compulsory behaviors.

24. During the stay, Ms. Shin provided a series of religious services, including sermons to cure his psychosis.

25. On or about September 25, 2012, the Defendants brought the Plaintiff to 17-24 Parsons Boulevard, Queens, NY, which was then used as the location for religious services and a residence of U.S Grace Road Church.

26. On or about September 26, 2012, the church members and Ms. Chung completely discontinued the medication for the Plaintiff.

27. The complete discontinuance of the medication caused Plaintiff's symptoms to become more severe, which disturbed Ms. Shin and the other church members' sleep during nights.

28. On or about October 10, 2012, in order to restrain the Plaintiff's outbursts, church members, under the supervision of the Defendant, Ms. Shin, tied the Plaintiff's wrists, ankles, and knees in the chair with duct tape, and putting a sock in his mouth.

29. The Plaintiff made several complaints about a severe pain in his right leg. Also, other church members noticed the discoloration of the right leg. However, the church members failed to provide any necessary medical attention.

30. This restraint caused a severe constriction of the blood vessels in Plaintiff's right leg, which later developed Gangrene.

31. On October 12, 2012, around 10:30 AM, the church members took the Plaintiff to see a dermatologist, Dr. Charles C. Kwak, located at 3420 Parsons Blvd Suite LF, Flushing, NY 11354.

32. Dr. Kwak ordered the church members to take the Plaintiff to the emergency room at New York Hospital in Queens where he underwent emergency surgery to amputate his right leg above the knee.

33. As a result of the trauma, the Plaintiff is currently institutionalized.

34. After the incident, several members of the church have been arrested and imprisoned as a result of the above actions.

**COUNT ONE: FALSE IMPRISONMENT**

1-34. Plaintiff repeats, realleges and incorporates by reference paragraphs one through thirty-three.

35. The Defendants, through their agents and employees, acted to intentionally confine the Plaintiff which caused the Plaintiff's injury in one or more of the following respects:

   a. In that they intentionally restrained the Plaintiff, which resulted in amputation in his right leg above the knee.

   b. In that this restraint and confinement caused mental anguish of the Plaintiff, which caused severe trauma, which worsen his mental illness causing him to be institutionalized.

   c. In that they caused and permitted the restraint in such dangerous and inhuman condition;

36. As a direct and proximate result of the restraint and confinement of the Defendants and their agents, servants and employees, the Plaintiff suffered and sustained the following injuries and losses, the effects of all or some of which are likely to be permanent in nature:

   d. Above Knee Amputation right leg

   e. Depressive Disorder caused by the trauma

   f. Trauma

   g. Hypertension

   h. s/p Sepsis

37. As a result of his injury, the Plaintiff has suffered and continues to suffer, experience and live with the loss of his right leg, pain and mental anguish, and worsened psychotic symptoms each day of his life.

38. As a result of his injury, the Plaintiff was placed in a nursing facility requiring 24/7 supervision.

39. As a result of his injury, the Plaintiff has to go through rehabilitation.

40. As a result of his injury, the Plaintiff has incurred in the past and will incur in the future costs and expenses for medical care, psychiatric treatment, physical rehabilitation, and nursing care.

41. As a result of his injury, the Plaintiff ability to enjoy life has been severely damaged and compromised.

**COUNT TWO: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

1-34. Plaintiff repeats, realleges and incorporates by reference paragraphs one through thirty-three.

35 The Defendants through their agents and employees intentionally or recklessly engaged in extreme and outrageous conduct that has caused severe emotional distress in one or more of the following respects:

   a. In that they failed to properly supervise the care provided for the Plaintiff.
   b. In that they failed to provide necessary medical attention despite the several complaints from the Plaintiff.
   c. In that they intentionally or recklessly deprived the Plaintiff's medication so that the outburst of symptoms occurred, which put the Plaintiff in grave pain and suffering.
   d. In that they failed to promulgate, provide, adopt and adhere reasonable procedures while they undertake care for a patient with severe mental illness.

    e. In that they failed to supervise him so that the Plaintiff left the facility without proper medication.

    f. In that they caused and permitted the Gangrene which resulted in the amputation of his right leg above the knee.

    g. In that they caused and permitted mental anguish of the Plaintiff, which caused severe trauma, which worsen his mental illness.

    h. In that they caused and permitted the restraint in such dangerous and inhuman condition; and

    i. In that they failed to train, educate, supervise, and monitor its employees, agents, servants and contractors.

36. As a direct and proximate result of the recklessness of the Defendants and their agents, servants and employees, the Plaintiff suffered and sustained the following injuries and losses, the effects of all or some of which are likely to be permanent in nature:

    a. Depressive Disorder caused by the trauma

    b. Trauma caused by amputation above right knee

    c. Hypertension caused by trauma

    d. s/p Sepsis caused by the amputation

37. As a result of his injury, the Plaintiff has suffered and continues to suffer, experience and live with the loss of his right leg, pain and mental anguish, and worsened psychotic symptoms each day of his life.

38. As a result of his injury, the Plaintiff was placed in a nursing facility requiring 24/7 supervision.

39. As a result of his injury, the Plaintiff has to go through rehabilitation.

40. As a result of his injury, the Plaintiff has incurred in the past and will incur in the future costs and expenses for medical care, psychiatric treatment, physical rehabilitation, and nursing care.

41. As a result of his injury, the Plaintiff ability to enjoy life has been severely damaged and compromised.

**COUNT THREE: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

1-34. Plaintiff repeats, realleges and incorporates by reference paragraphs one through thirty-three.

35. The Defendants owe a duty to use reasonable care to avoid causing emotional distress to the Plaintiff. The Defendants failed to exercise their duty and unreasonably causes emotional distress to the Plaintiff in one or more of the following respects:

   a. In that they failed to properly supervise the care provided for the Plaintiff.

   b. In that they failed to provide necessary medical attention during the said restraint despite the several complaints from the Plaintiff.

   c. In that they failed to stop restraining the Plaintiff, which resulted in amputation in his right leg.

   d. In that they deprived the Plaintiff's medication.

   e. In that they failed to promulgate, provide, adopt and adhere reasonable procedures while they undertake care for a patient with severe mental illness.

   f. In that they caused and permitted the amputation of his right leg above the knee.

    g. In that they caused and permitted mental anguish of the Plaintiff, which caused severe trauma, which worsen his mental illness.

    h. In that they caused and permitted the restraint in such dangerous and inhuman condition; and

    i. In that they failed to train, educate, supervise, and monitor its employees, agents, servants and contractors.

36. As a direct and proximate result of the negligence of the Defendants and their agents, servants and employees, the Plaintiff suffered and sustained the following injuries and losses, the effects of all or some of which are likely to be permanent in nature:

    a. Depressive Disorder caused by the trauma

    b. Trauma caused by amputation above right knee

    c. Hypertension caused by trauma

    d. s/p Sepsis caused by the amputation

37. As a result of his injury, the Plaintiff has suffered and continues to suffer, experience and live with the loss of his right leg, pain and mental anguish, and worsened psychotic symptoms each day of his life.

38. As a result of his injury, the Plaintiff was placed in a nursing facility requiring 24/7 supervision.

39. As a result of his injury, the Plaintiff has to go through rehabilitation.

40. As a result of his injury, the Plaintiff has incurred in the past and will incur in the future costs and expenses for medical care, psychiatric treatment, physical rehabilitation, and nursing care.

41. As a result of his injury, the Plaintiff ability to enjoy life has been severely damaged and compromised.

**COUNT FOUR: RESPONDEAT SUPERIOR : AS TO OK-JOO SHIN**

1-34. Plaintiff repeats, realleges and incorporates by reference paragraphs one through thirty-three.

35. The Defendant, Ok-Joo Shin, as the senior pastor who has control over the other Defendants, U.S Grace Road Church, and Korean Grace Road Church, is responsible for the actions of employees performed within the course of their employment. The injuries and losses suffered and sustained by the Plaintiff as hereinafter described were proximately caused by the Defendant, Ms. Shin in one or more of the following respects:

   a. In that she authorized the withholding of medication and the restraint of the Plaintiff.

   b. In that she failed to properly supervise the care provided for the Plaintiff.

   c. In that she failed to order her employees to provide necessary medical attention during the said restraint despite the several complaints from the Plaintiff.

   d. In that she failed to stop where her employees deprived the Plaintiff's medication so that the outburst of symptoms occurred, which put the Plaintiff in grave pain and suffering.

   e. In that she failed to promulgate, provide, adopt and adhere reasonable procedures while she undertake care for a patient with severe mental illness.

    f. In that she failed to supervise them so that the Plaintiff left the facility without proper medication.

    g. In that she failed to stop or permitted the amputation of his right leg, which the Plaintiff has to bear for the rest of his life.

    h. In that she caused and permitted mental anguish of the Plaintiff, which caused severe trauma, which worsen his mental illness.

    i. In that she failed to stop or permitted the restraint in such dangerous and inhuman condition; and

    j. In that she failed to train, educate, supervise, and monitor its employees, agents, servants and contractors.

36. As a direct and proximate result of the actions of the Defendants and their agents, servants and employees, the Plaintiff suffered and sustained the following injuries and losses, the effects of all or some of which are likely to be permanent in nature:

    a. Depressive Disorder caused by the trauma

    b. Trauma caused by amputation above right knee

    c. Hypertension caused by trauma

    d. s/p Sepsis caused by the amputation

37. As a result of his injury, the Plaintiff has suffered and continues to suffer, experience and live with the loss of his right leg, pain and mental anguish, and worsened psychotic symptoms each day of his life.

38. As a result of his injury, the Plaintiff was placed in a nursing facility requiring 24/7 supervision.

39. As a result of his injury, the Plaintiff has to go through rehabilitation.

40. As a result of his injury, the Plaintiff has incurred in the past and will incur in the future costs and expenses for medical care, psychiatric treatment, physical rehabilitation, and nursing care.

41. As a result of his injury, the Plaintiff ability to enjoy life has been severely damaged and compromised.

**COUNT FIVE: ASSAULT**

1-34. Plaintiff repeats, realleges and incorporates by reference paragraphs one through thirty-three.

35. The Defendants, through their agents and employees caused the reasonable apprehension of an immediate harmful or offensive contact to the Plaintiff in one or more of the following respects:

    a. In that they restrained Mr. Chung's wrists, ankles, and knees in the chair with duct tape, putting socks in his mouth, which caused the amputation of his right leg above his knee.

36. As a direct and proximate result of the assault of the Defendants and their agents, servants and employees, the Plaintiff suffered and sustained the following injuries and losses, the effects of all or some of which are likely to be permanent in nature:

    a. Depressive Disorder caused by the trauma

    b. Trauma caused by amputation above right knee

    c. Hypertension caused by trauma

      d. s/p Sepsis caused by the amputation

37. As a result of his injury, the Plaintiff has suffered and continues to suffer, experience and live with the loss of his right leg, pain and mental anguish, and worsened psychotic symptoms each day of his life.

38. As a result of his injury, the Plaintiff was placed in a nursing facility requiring 24/7 supervision.

39. As a result of his injury, the Plaintiff has to go through rehabilitation.

40. As a result of his injury, the Plaintiff has incurred in the past and will incur in the future costs and expenses for medical care, psychiatric treatment, physical rehabilitation, and nursing care.

41. As a result of his injury, the Plaintiff ability to enjoy life has been severely damaged and compromised.

**COUNT SIX: BATTERY**

1-34. Plaintiff repeats, realleges and incorporates by reference paragraphs one through thirty-three.

35. The Defendants, through their agents and employees, intentionally and voluntarily bringing about an unconsented harmful or offensive contact to the Defendant in one or more of the following respects:

      a. In that they restrained the Plaintiff's wrists, ankles, and knees in the chair with duct tape, putting socks in his mouth, which subsequently caused the amputation of his right leg above the knee.

14

36. As a direct and proximate result of the above actions of the Defendants and their agents, servants and employees, the Plaintiff suffered and sustained the following injuries and losses, the effects of all or some of which are likely to be permanent in nature:

   a. Depressive Disorder caused by the trauma
   b. Trauma caused by amputation above right knee
   c. Hypertension caused by trauma
   d. s/p Sepsis caused by the amputation

37. As a result of his injury, the Plaintiff has suffered and continues to suffer, experience and live with the loss of his right leg, pain and mental anguish, and worsened psychotic symptoms each day of his life.

38. As a result of his injury, the Plaintiff was placed in a nursing facility requiring 24/7 supervision.

39. As a result of his injury, the Plaintiff has to go through rehabilitation.

40. As a result of his injury, the Plaintiff has incurred in the past and will incur in the future costs and expenses for medical care, psychiatric treatment, physical rehabilitation, and nursing care.

41. As a result of his injury, the Plaintiff ability to enjoy life has been severely damaged and compromised.

WHEREFORE, Plaintiffs demand judgment against the Defendants in the amount of SIX MILLION DOLLARS, together with interest and its costs.


TRIAL BY JURY IS DEMANDED.

***PLAINTIFF***
***SEUNGICK CHUNG***

By\_\_\_/s/CT11868_____

Sung-Ho Hwang
1 Audubon Street, Suite 102,
New Haven, Connecticut 06511
(203) 624-2811
F: (203) 562-0096
Bar #  CT 11868