UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SEUNGICK CHUNG | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 13-1760 |
| | : | |
| -against- | : | |
| | : | |
| GRACE ROAD CHURCH (NEW YORK), | : | |
| GRACE ROAD CHURCH (SOUTH KOREA), | : | |
| OK-JOO SHIN, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**DEFENDANT'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS**

## Contents

Table of Authorities .................................................................................................................. ii

I.    FACTUAL AND PROCEDURAL BACKGROUND ............................................................ 1

II.    LAW AND ARGUMENT........................................................................................................ 2

    A.  New York Law Applies to this Case ................................................................................. 2

    B.  Grace Road Church (New York) is not a proper Defendant ................................................ 3

    C.  The Court lacks Personal Jurisdiction over the Defendants .................................................. 3

    D.  Venue is not appropriate in Connecticut ............................................................................ 4

    E.  The FIRST, SECOND, FOURTH, FIFTH, and SIXTH causes of action are beyond the applicable statute of limitation................................................................................................. 6

    F.  The FIRST, SECOND, THIRD, FOURTH, FIFTH, SIXTH, SEVENTH, EIGHTH, and NINTH counts fail to state a cause of action upon which relief may be granted ....................... 7

III.   CONCLUSION ................................................................................................................... 12

**Table of Authorities**

**Cases**

*Bissonnette v. Bissonnette*, 145 Conn. 733 (1958)........................................................................ 2
*Broughton v. State of New York*, 37 N.Y.2d 451 (1975) ............................................................... 7
*Daluise v. Sottile*, 40 A.D.3d 801 (2d Dep't 2007)........................................................................ 8
*Howell v. New York Post Co.*, 81 N.Y.2d 115 (1993) ................................................................... 8
*Kirkman by Kirkman v. Astoria Gen. Hosp.*, 204 A.D.2d 401 (2d Dep't 1994)............................ 9
*Kwarren v. Am. Airlines*, 303 A.D.2d 722 (2d Dep't 2003) .......................................................... 6
*Licci v. Lebanese Canadian Bank*, 732 F.3d 161 (2d Cir. 2013)................................................... 3
*Naegle v. Archdiocese of New York*, 39 A.D.3d 270 (1st Dep't 2007)........................................ 11
*Parvi v. Kingston*, 41 N.Y.2d 553 (1977) ..................................................................................... 7
*Patch v. Stanley Works (Stanley Chemical Co. Div.)*, 448 F.2d 483 (1971) ................................. 2
*RJC Realty Holding Corp. v. Republic Franklin Ins. Co.*, 2 N.Y.3d 158 (2004) .......................... 9
*Santana v. Leith*, 2014 N.Y. App. Div. LEXIS 3173 (2d Dep't 2014).................................... 9, 10

**Statutes**

28 U.S.C. § 1391................................................................................................................... 4, 5
28 U.S.C. § 1404(a) ................................................................................................................. 5
Conn. Gen. Stat. § 52-59b........................................................................................................ 3
Fed. R. Civ. P. 12(b)(2)............................................................................................................ 1
Fed. R. Civ. P. 12(b)(3)............................................................................................................ 1
Fed. R. Civ. P. 12(b)(6)............................................................................................................ 1
N.Y. Relig. Corp. L. § 191....................................................................................................... 3
N.Y.C.P.L.R. § 215.................................................................................................................. 6

The Defendants, Grace Road Church (New York), Grace Road Church (South Korea), and Ok-Joo Shin (hereinafter referred to as the "Defendants") hereby file this Memorandum of Law in Support of their Motion to Dismiss Counts 1–9 of Plaintiff's Amended Complaint, dated June 10, 2014, pursuant to Fed. R. Civ. P. 12(b)(6), failure to state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(3), improper venue, and Fed. R. Civ. P. 12(b)(2), lack of personal jurisdiction. In support of this motion the Defendants state as follows:

## I. FACTUAL AND PROCEDURAL BACKGROUND

According to the Amended Complaint, Plaintiff traveled to the State of New York with his sister Myung Hee Chung. (Amended Complaint at ¶19). Plaintiff alleges that while in New York he was prevented from taking medication and was subjected to an attempted religious healing. (Amended Complaint at ¶22).

In the FIRST cause of action, Plaintiff alleges a claim of false imprisonment based upon alleged restraint and confinement while in New York. (Amended Complaint at ¶36). In the SECOND and THIRD causes of action, Plaintiff alleges claims of Intentional and Negligent Infliction of Emotional Distress, respectively, based upon his alleged restraint and confinement and resulting injuries in New York. (Amended Complaint at ¶¶ 36 (Second), and 36 (Third)[1]).

In the FOURTH cause of action Plaintiff alleges a claim of respondeat superior against defendant Ok-Joo Shin. Plaintiff alleges that Defendant Shin has control over the other defendants and their employees in New York. (Amended Complaint at ¶ 36 (Fourth)). Plaintiff further alleges that Defendant Shin failed to monitor or supervise her employees in New York.

---

[1] Plaintiff's Amended Complaint recommences a paragraph count at 36 with each cause of action. Therefore, references to all paragraph numbers after paragraph 42 will be identified by number and accompanied by the cause of action in parentheses.

1

In the FIFTH and SIXTH causes of action, Plaintiff alleges claims of Assault and Battery, respectively. (Amended Complaint at ¶¶ 36 (Fifth), and 36 (Sixth)). Plaintiff alleges Defendants committed assault and battery through the actions of their agents and employees in restraining and confining Plaintiff in New York.

In the SEVENTH cause of action, Plaintiff alleges a claim of Negligence for failing to provide Plaintiff with his medication and for the care of a patient with mental illness while he was in New York. (Amended Complaint at ¶ 36 (Seventh)).  The EIGHTH cause of action alleges a claim of Negligent Supervision based on the Defendants' failure to supervise their agents, servants, or employees in New York during the alleged restraint and confinement of Plaintiff in New York. Amended Complaint at ¶ 36 (Eighth)).  Finally, in the NINTH cause of action Plaintiff alleges a claim for Breach of Fiduciary Duty stating that Plaintiff had a special relationship with the Defendants premised on his diminished mental state. (Amended Complaint at ¶ 36 (Ninth)).

The Court conducted a Pre-Filing Conference on May 27, 2014 and granted Defendants permission to file this Motion to Dismiss.

## II.    LAW AND ARGUMENT

### A. New York Law Applies to this Case

It is undisputed that the injuries suffered by the Plaintiff occurred while he was in the State of New York.  "Connecticut holds that 'The creation *and extent* of liability in tort are fixed by the law of the state in which the tort is committed.'  For choice of law purposes under Connecticut law, a tort is committed not where the wrongful act or omission occurs, but where the injury is sustained." *Patch v. Stanley Works (Stanley Chemical Co. Div.)*, 448 F.2d 483, 491 (1971) (quoting *Bissonnette v. Bissonnette*, 145 Conn. 733 (1958)) (emphasis in original).

In this case, the alleged wrongful acts occurred, and the injuries were sustained in New York. It is axiomatic that New York law applies to the substantive issues involved in this case.

### B. Grace Road Church (New York) is not a proper Defendant

The allegations in the Complaint relate to actions or omission occurring on or before October 12, 2012. New York Grace Road Church is a religious corporation incorporated pursuant to N.Y. Relig. Corp. L. § 191. New York Grace Road Church was not incorporated until May 14, 2013, seven months after the events alleged in the Complaint. As New York Grace Road Church did not exist at the time of these events, it cannot be held liable for them and is an improper party to this action. *Certificate of Incorporation attached as Exhibit "A"*. Plaintiff cannot sue an entity for alleged acts that took place prior to the entity's existence.

### C. The Court lacks Personal Jurisdiction over the Defendants

The issue of personal jurisdiction is decided first pursuant to the laws of the State where the action is commenced. *See Licci v. Lebanese Canadian Bank*, 732 F.3d 161, 167 (2d Cir. 2013). Personal jurisdiction is governed by Conn. Gen. Stat. § 52-59b. That statute provides, in relevant part, that:

> (a) As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident individual, foreign partnership or foreign voluntary association, […] who in person or through an agent: (1) Transacts any business within the state; (2) commits a tortious act within the state, […]; (3) commits a tortious act outside the state causing injury to person or property within the state, […] if such person or agent (A) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (B) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; […].

Plaintiff does not allege in the Amended Complaint that the Court has personal jurisdiction over the Defendants. However, in alleging that venue is appropriate in this district, Plaintiff alleges

3

that "Defendants target their ministry to individuals in this district" and that "the Defendants, Grace Road Church in South Korea, Grace Road Church in New York, and Ms. Shin, derive substantial revenue from interstate or international commerce." (Amended Complaint at ¶ 9). Presumably Plaintiff believes this to be adequate allegation of personal jurisdiction.

Even if Plaintiff's allegations regarding venue can be attributed to personal jurisdiction, the Amended Complaint does not satisfy the requirements for personal jurisdiction. The Court, at the Pre-Filing Conference, permitted the submission of affidavits with this motion to dismiss regarding the issue of personal jurisdiction and venue. The affidavit of Lee Byeongjoon clearly demonstrates that the Defendants do not target their ministry to individuals in Connecticut. That affidavit also makes it clear that the Defendants do not derive revenue from interstate or international commerce.

Plaintiff further alleges in his support of venue that "certain of the harmful and wrongful acts alleged […] were committed in Connecticut." (Amended Complaint at ¶ 9). The Amended Complaint makes it clear that Plaintiff's support for this assertion is based solely on his allegations that Myung Hee Chung "came to Connecticut to convince the Plaintiff to live with her." (Amended Complaint at ¶ 17). The affidavits of Lee Byeongjoon and Myung Hee Chung clearly show that Ms. Chung has never acted on behalf of any of the Defendants. Ms. Chung is not a defendant in this action. Furthermore, Ms. Chung's affidavit establishes that she could not have been in Connecticut during the time period that the Amended Complaint alleges she went to convince the Plaintiff to live with her.

### D. Venue is not appropriate in Connecticut

Pursuant to 28 U.S.C. § 1391:

A civil action may be brought in

4

>(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

It is undisputed that none of the Defendants resides within this district, or even in the State of Connecticut. It is also undisputed that a "substantial part of the events or omissions giving rise to the claim" alleged did not take place in in this district. The only events alleged to have occurred in the State of Connecticut are Ms. Chung visiting her family and inviting her brother to come stay with her. Defendants adamantly deny that Ms. Chung ever traveled to Connecticut to convince her brother to go to New York. Even assuming that Ms. Chung's affidavit did not demonstrate the impossibility of that allegation, no reasonable interpretation of the word "substantial" in this context — where there are allegations of restraint, confinement, and amputation — could incorporate a sister's invitation to her brother to come stay with her.

There is a judicial district in which these claims could have been brought. A substantial part of the events and omissions alleged in the Amended Complaint occurred within the Eastern District of New York. Even if the defendants were subject to the personal jurisdiction of this Court, which they are not as described in the section above, § 1391(b)(3) does not apply.

Even assuming that venue were appropriate in this district under § 1391, it is inappropriate under the principle of *forum non conveniens* as codified. 28 U.S.C. § 1404(a) provides that "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." Contrary to Plaintiff's

5

assertion that venue is appropriate because "Plaintiff and witnesses reside in this district" (Amended Complaint at ¶ 9), the facts alleged support the opposite conclusion.

Plaintiff alleges the involvement of numerous "church members" several of whom were arrested. All those alleged church members will be located in the Eastern District of New York. Any police officers involved with the investigation and arrest of anyone so charged, as well as any of the treating physicians at the time of the alleged incident will all be located in the Eastern District of New York. All police reports and medical records, as well as the persons who prepared and maintain those records, will also be located in the Eastern District of New York. Defendants would face an undue burden in presenting their defense based on the burden that would be placed on the witnesses needed for this case to continue. This case could have, and should have, been brought in the Eastern District of New York.

### E. The FIRST, SECOND, FOURTH, FIFTH, and SIXTH causes of action are beyond the applicable statute of limitation

As discussed above, the laws of the State of New York apply in this action. Plaintiff makes claims for False Imprisonment, Intentional Infliction of Emotional Distress, Assault, and Battery. These are all claims for which NY law specifically limits the time during which to submit a claim to 1 year. N.Y.C.P.L.R. § 215.

Section 215 provides that "The following actions shall be commenced within one year: […] 3. an action to recover damages for assault, battery, false imprisonment, malicious prosecution, libel, slander, false words causing special damages, or a violation of the right of privacy under section fifty-one of the civil rights law […]." Although not specifically listed, Intentional Infliction of Emotional Distress also has a one year statute of limitations. *Kwarren v. Am. Airlines*, 303 A.D.2d 722 (2d Dep't 2003).

6

This action was commenced by the filing of a Summons and Complaint on November 25, 2013. Even assuming the truthfulness of Plaintiff's factual accusations, as alleged the Plaintiff sustained his injuries at the latest on October 12, 2012. Plaintiff had to serve his claims on these causes of action by October 12, 2013. Plaintiff did not file this action until more than one month after the statute of limitation had expired. This action was not brought timely for relief under these causes of action. The FIRST, SECOND, FOURTH, FIFTH, and SIXTH causes of action must be dismissed.

### F. The FIRST, SECOND, THIRD, FOURTH, FIFTH, SIXTH, SEVENTH, EIGHTH, and NINTH counts fail to state a cause of action upon which relief may be granted

The plaintiff's FIRST cause of action is for False Imprisonment. As set forth above, this claim was made beyond the statute of limitations. Even if the action were timely, the allegations contained in the Amended Complaint are insufficient to support the Charge. The New York Court of Appeals has set out the elements of a claim for False Imprisonment under New York law. "The plaintiff must show that: (1) the defendant intended to confine him, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Parvi v. Kingston*, 41 N.Y.2d 553 (1977) (quoting *Broughton v. State of New York*, 37 N.Y.2d 451, 456 (1975)). Even assuming the truth of the facts as alleged by the Plaintiff, the Complaint makes no allegations that Plaintiff was aware of his confinement, that he did not consent to his confinement, or that the confinement was not otherwise privileged. For these reasons, Plaintiff has failed to make out the necessary claims to sustain the FIRST cause of action. Plaintiff's FIRST cause of action must be dismissed

The Plaintiff's SECOND cause of action is for Intentional Infliction of Emotional Distress. As set forth above, this claim was not brought prior to the expiration of the statute of

7

limitations. Even if it were timely, the Amended Complaint does not support a claim for this cause of action. The four elements of this tort are "(i) extreme and outrageous conduct; (ii) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (iii) a causal connection between the conduct and injury; and (iv) severe emotional distress." *Howell v. New York Post Co.*, 81 N.Y.2d 115 (1993). The Complaint is also deficient in this cause of action. The allegations in the Complaint do not allege that Defendants intended to cause or disregarded a substantial probability of causing severe emotional distress. For these reasons, Plaintiff has failed to make out the necessary claims to sustain the SECOND cause of action. Plaintiff's SECOND cause of action must be dismissed.

The Plaintiff's THIRD cause of action is for Negligent Infliction of Emotional Distress. "A cause of action to recover damages for negligent infliction of emotional distress […] 'must generally be premised upon a breach of a duty owed directly to the plaintiff which either unreasonably endangers a plaintiff's physical safety or causes the plaintiff to fear for his or her own safety.'" *Daluise v. Sottile*, 40 A.D.3d 801, 803 (2d Dep't 2007) (internal citations omitted). Plaintiff's THIRD cause of action does not allege the nature of any duty owed to the Plaintiff by any of the Defendants. The Complaint merely makes a bald conclusory statement that the Defendants owed a duty without any further allegations. (Amended Complaint at ¶ 36 (THIRD)) Furthermore, "[s]uch a claim must fail where, as here, '[n]o allegations of negligence appear in the pleadings.'" *Id*. Plaintiff's only allegation of negligence in the THIRD cause of action states that the Defendants "negligently misrepresented to the Plaintiff the nature of their intention in convincing the Plaintiff to come to New York." (Amended Complaint at ¶ 36(a) (THIRD)). As discussed above, Defendants have never controlled the actions of Ms. Chung and are not responsible for any of her alleged conduct, and Ms. Chung could not have traveled to

Connecticut to convince her brother to go to New York. The remainder of the THIRD cause of action relates to allegations of intentional conduct. These allegations are insufficient to support a claim of Negligent Infliction of Emotional Distress. *See Santana v. Leith*, 2014 N.Y. App. Div. LEXIS 3173 (2d Dep't 2014). Plaintiff's THIRD cause of action must be dismissed.

Plaintiff's FOURTH cause of action is for a claim of Respondeat Superior against defendant Ok-Joo Shin. "The doctrine of respondeat superior renders an employer vicariously liable for torts committed by an employee acting within the scope of the employment. Pursuant to this doctrine, the employer may be liable when the employee acts negligently or intentionally, so long as the tortious conduct is generally foreseeable and a natural incident of the employment" *RJC Realty Holding Corp. v. Republic Franklin Ins. Co.*, 2 N.Y.3d 158 (2004) (internal quotations omitted). Plaintiff turns the concept of respondeat superior on its head in attempting to hold Defendant Shin responsible for Ms. Chung's conduct. It is all the more perplexing that this count alone is against only Defendant Shin and not the defendant organizations. The allegations in this count appear more appropriate in a claim for negligent supervision and are not targeted at meeting the elements necessary to sustain an action for respondeat superior. In fact, the allegations in the FOURTH cause of action allege conduct and omissions on the part of Defendant Shin and not her alleged employees.

Even assuming that Ms. Chung was acting as an employee of Ok-Joo Shin, which her affidavit establishes she was not, and that the allegations in the FOURTH cause of action addressed actions of any alleged employees and not of Defendant Shin herself, an employer can only be held responsible for the actions of its employees conducted in furtherance of their employment, and not for personal motives. *See Kirkman by Kirkman v. Astoria Gen. Hosp.*, 204 A.D.2d 401 (2d Dep't 1994). The actions alleged in the Complaint were committed by Ms.

Chung for personal motives. At no point does the FOURTH cause of action allege that these actions were carried out in furtherance of her employment. Plaintiff's FOURTH cause of action must be dismissed.

Plaintiff's FIFTH cause of action is for Assault. As stated above, the statute of limitations for this cause of action had expired at the time of filing. Furthermore, as set forth in the accompanying affidavits, Ms. Chung was not an agent, servant, or employee of the Defendants and as such they are not responsible for her action. Plaintiff's FIFTH cause of action must be dismissed.

Plaintiff's SIXTH cause of action is for Battery. As stated above, the statute of limitations for this cause of action had expired at the time of filing. Furthermore, as set forth in the accompanying affidavits, Ms. Chung was not an agent, servant, or employee of the Defendants and as such they are not responsible for her actions. Plaintiff's SIXTH cause of action must be dismissed.

Plaintiff's SEVENTH cause of action is for Negligence. As stated above, the only negligent conducted alleged by Plaintiff is in his allegation that Defendants "negligently misrepresented to [him] the nature of their intention in convincing [him] to come to New York." (Amended Complaint ¶ 36(b) (SEVENTH)). As set forth in the accompanying affidavits and discussed in greater detail above, Ms. Chung was not an agent, servant, or employee of any of the Defendants and could not possibly have been in Connecticut to convince Plaintiff to travel to New York as alleged in the Complaint. All remaining allegations in the SEVENTH cause of action pertain to intentional conduct and cannot support a claim of negligence. *See Santana v. Leith*, 2014 N.Y. App. Div. LEXIS 3173 (2d Dep't 2014). Plaintiff's SEVENTH cause of action must be dismissed.

The EIGHTH count alleged is for Negligent Supervision. To succeed in a claim for Negligent Supervision the Plaintiff must show the employer's knowledge of its employee's propensity to commit the tortious act alleged. "The failure to establish this necessary element of a negligent supervision claim negates the employer's liability as a matter of law." *Naegle v. Archdiocese of New York*, 39 A.D.3d 270 (1st Dep't 2007). There is no prior conduct alleged that would have put any of the Defendants on notice that Ms. Chung was inclined to the conduct alleged in the Complaint. There is, in fact, no prior conduct of any kind discussed in any way. The Complaint does not even allege that Ms. Chung, or any other alleged employees, possessed such a propensity. It is therefore impossible for the Complaint to support the notion that any of the Defendants were aware of any such non-alleged propensity. The allegations in the EIGHTH cause of action do not even approach the necessary claims for Negligent Supervision. The Plaintiff's EIGHTH cause of action must be dismissed.

The NINTH cause of action is for Breach of Fiduciary Duty. The special relationships alleged by the Plaintiff in this count pertain only to a relationship between Plaintiff and Ms. Chung. As set forth in detail above and in the Affidavits of Ms. Chung and Lee Byeongjoon, Ms. Chung was never an agent, servant, or employee of any of the Defendants. Her actions did not, and could not, create a special relationship between Plaintiff and the Defendants. As there was no special relationship between Plaintiff and any of the Defendants, there could be no breach. Plaintiff's NINTH cause of action must be dismissed.

### III.  CONCLUSION

For the above-stated reasons, the Defendants, Grace Road Church (New York), Grace Road Church (South Korea), and Ok-Joo Shin, respectfully request this Court to grant their motion to dismiss.

>
> Defendants, Grace Road Church (New York), Grace Road Church (South Korea), and Ok-Joo Shin
>
> *[signature: Steven B. Ross]*
>
> By:_____
> Steven B. Ross, Esq. (phv06649)
> Eric Dawson, Esq. (phv06650)
> Ross & Asmar LLC
> 499 Seventh Avenue
> 23rd Floor South Tower
> New York, NY 10018