## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **SUNG-HO HWANG, CONSERVATOR OF** | : | |
| **THE ESTATE OF SEUNGICK CHUNG** | : | |
| | : | **CIVIL ACTION** |
| | : | **No. 1:14-cv-07187 KAM** |
| | : | |
| **V.** | : | |
| | : | |
| **GRACE ROAD CHURCH (in New York, NY),** | : | |
| **GRACE ROAD CHURCH (in South Korea),** | : | |
| **OK-JOO SHIN** | : | **January 26, 2015** |

### AMENDED COMPLAINT

### INTRODUCTION

1.     The Plaintiff **SUNG-HO HWANG**, having been duly appointed the conservator of the estate of **SEUNGICK CHUNG**, brings an action against defendants for personal injury sustained at Grace Road Church.

### THE PARTIES

2.     The Defendant, Grace Road Church, is a South Korean non-profit corporation with a principal address of 159 Juam-dong, Gwacheon-si, Gyeonggi-do, The Republic of Korea (South Korea).

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\26500-26999\26522 S. CHUNG\001 CIVIL VS. GRACE ROAD CHURCH - MAB\PLEADINGS\2015\SECOND AMENDED COMPLAINT FINAL.docx

3.     The Defendant, Grace Road Church, is a church established by the Defendant Shin and Grace Road Church South Korea with a principal address of 36 03 164th Street, Flushing, New York 11358.

4.     The Defendant, Ok-Joo Shin (hereinafter "Ms. Shin") is an individual residing in The Republic of Korea and is the head minister and the founding member of both the Grace Road Church in Korea and Grace Road Church in New York with a principal address of 159 Juam-dong, Gwacheon-si, Gyeonggi-do, The Republic of Korea.

5.     At all relevant times and upon information and belief, there was such a unity of interest between the Defendants that for all intents and purposes there was never any individuality or separateness between the Defendants, and the Defendants are and were the instrumentality and alter-ego of each other.

6.     The Plaintiff's conserved, SEUNGICK CHUNG, is an individual residing in the state of Connecticut, and resided in the state of Connecticut at the time he first had any contact or relationship with any of the defendants.

## JURISDICTION AND VENUE

7.     The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\26500-26999\26522 S. CHUNG\001 CIVIL VS. GRACE ROAD CHURCH - MAB\PLEADINGS\2015\SECOND AMENDED COMPLAINT FINAL.DOCX

8.      Jurisdiction of this Court arises under 28 U.S.C. Section 1332, in that there is a diversity of citizenship of the parties.

9.      Venue in this district is appropriate, since the Defendants target their ministry to individuals in this District, the Plaintiff and witnesses reside in this district, and the Defendants, Grace Road Church in South Korea, Grace Road Church in New York, and Ms. Shin, derive substantial revenue from interstate or international commerce.

## FACTUAL ALLEGATIONS

10.     The Plaintiff has a history of severe mental and has been diagnosed with Schizophrenia (Paranoid Type), Anxiety Disorder with a history of Seizure Disorder, and held said diagnoses at all relevant times.  At various times throughout his life, the Plaintiff's mental illness required periods of hospitalization.  Additionally, at all relevant times, the Plaintiff was taking a number of prescription medicines to treat his mental illness.

11.     The Defendant, Ms. Shin is the senior pastor and the founding member of the Defendant Grace Road Church in the Republic of Korea (hereinafter "Korean Grace Road Church") who ministers in the United States, including in Connecticut.

12.      Grace Road Church in the U.S (hereinafter "U.S Grace Road Church") is a wholly owned subsidiary church of Korean Grace Road Church.

13.     In the beginning of September 2012, Ms. Shin and church members (hereinafter "the church members"), including the elder sister of the Plaintiff, a non-party, Myung Hee Chung (hereinafter "Ms. Chung"), entered into the U.S for the purpose of establishing a subsidiary church, U.S Grace Road Church.

14.     The said church members and Ms. Chung are the employees of the Korean Grace Road Church and the Defendant, Shin.

15.     From the time when Ms. Shin and the church members came into the U.S to October 12, 2012, the church members used three different residential properties in succession as the location for U.S Grace Road Church.

16.     The said residential properties are also used as residences for the church members and the Defendant, Ms. Shin as well as a place for worship.  Church members, including Myung-Hee Chung, who resided at the residences did not pay rent or use and occupancy fees for the right to reside at the residences.

17.     In the beginning of September 2012, Ms. Chung invited and convinced the Plaintiff to travel from Connecticut to New York to live with her and the Defendant, Ms. Shin, and to participate in worship, at one or more of the aforementioned residences.  On information and belief, Ms. Chung took said action pursuant to the direction of Ms. Shin.  On information and belief, Ms. Chung falsely informed the Plaintiff that she had his well-being in mind, and that the purpose of

Lynch, Traub, Keefe and Errante, p. c.   Attorneys at Law
52 Trumbull Street  p.o. box 1612   New Haven, Connecticut 06506-1612
Telephone (203) 787-0275   Facsimile (203) 782-0278
W:\26500-26999\26522 S. Chung\001 Civil vs. Grace Road Church - MAB\Pleadings\2015\Second Amended Complaint FINAL.docx

the trip was to teach the Plaintiff the principles and worship of the Defendant churches. On information and belief, at all relevant times the Defendants and their agent, Ms. Chung, were aware of the Plaintiff's severe psychosis and knew, or reasonably should have known, of his inability to make informed decisions, his inability to fully appreciate the nature of what the Defendants were proposing, and the ease with which he could be convinced to take action against his best interest.

18.     On information and belief, and unbeknownst to the Plaintiff, Ms. Shin directed Ms. Chung to bring the Plaintiff to New York as part of a plan to treat the Plaintiff's severe psychosis by removing him from prescription medication and attempting religious healing. On information and belief, Ms. Shin was either the origin of said plan, or instrumental to the formulation of said plan.

19.     Shortly thereafter, Ms. Chung brought the Plaintiff to live with the Defendant, Ms. Shin at their church.

20.     The Plaintiff's stay with the Defendants continued until October 12, 2012.

21.     During the stay, the Defendant, Ms. Shin and the other church members forcibly prevented Mr. Chung from taking his medications, which were necessary to keep his symptoms under control.

22.     Discontinuing the medications was a part of the Defendants' attempt to cure the Plaintiff's illness with religious healing.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\26500-26999\26522 S. CHUNG\001 CIVIL VS. GRACE ROAD CHURCH - MAB\PLEADINGS\2015\SECOND AMENDED COMPLAINT FINAL.docx

23.     The discontinuance of his medications caused outbursts and exacerbation of Mr. Chung's psychotic symptoms, including: visual/auditory hallucination, suicidal thoughts, self-mutilation, self-deprivation of foods and other compulsory behaviors.

24.     During the stay, Ms. Shin provided a series of religious services, including sermons to cure the Plaintiff's psychosis.

25.     On or about September 25, 2012, the Plaintiff experienced a psychotic episode during which he left the custody of the Defendants and Ms. Chung, and aimlessly wandered in a confused state about Queens, New York.

26.     On or about September 25, 2012, after locating the Plaintiff, the Defendants brought the Plaintiff to 17-24 Parsons Boulevard, Queens, NY, which was then used as the location for religious services and a residence of U.S Grace Road Church.

27.     On or about September 26, 2012, the church members and Ms. Chung forced the Plaintiff to completely discontinue any use of his medications.

28.     The complete discontinuance of the medication caused Plaintiff's symptoms to become more severe, which disturbed Ms. Shin and the other church members' sleep during nights.

29.     Accordingly, on or about October 10, 2012, in order to restrain the Plaintiff's outbursts, church members, under the supervision of the Defendant, Ms. Shin, tied the Plaintiff's wrists, ankles, and knees in a chair or bed with duct tape, and put a sock in his mouth to restrain

his screams at night. Said restraint of the Plaintiff continued without appreciable interruption through October 12, 2012.

30. During this time, the Plaintiff made several complaints about a severe pain he was experiencing in his right leg. Also, other church members noticed the discoloration of the right leg. However, the church members failed to provide any necessary medical attention, instead electing to perform massages upon the Plaintiff's leg.

31. This restraint caused a severe constriction of the blood vessels in Plaintiff's right leg, which later developed into Gangrene.

32. On October 12, 2012, around 10:30 AM, the church members took the Plaintiff to see a dermatologist, Dr. Charles C. Kwak, located at 3420 Parsons Blvd Suite LF, Flushing, NY 11354.

33. Dr. Kwak ordered the church members to take the Plaintiff to the emergency room at New York Hospital in Queens where he underwent emergency surgery to amputate his right leg above the knee.

34. As a result of the trauma, the Plaintiff is currently institutionalized.

35. After the incident, several members of the church have been arrested and imprisoned as a result of the above actions.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\26500-26999\26522 S. CHUNG\001 CIVIL VS. GRACE ROAD CHURCH - MAB\PLEADINGS\2015\SECOND AMENDED COMPLAINT FINAL.DOCX

36.     As a direct and proximate result of above, the Plaintiff suffered and sustained the following injuries and losses, the effects of all or some of which are likely to be permanent in nature:

      a.  Above Knee Amputation right leg;

      b.  Depressive Disorder caused by the trauma;

      c.  Trauma;

      d.  Hypertension;

      e.  s/p Sepsis;

      f.  Injury to his wrists and mouth;

37.     As a result of his injury, the Plaintiff has suffered and continues to suffer, experience and live with the loss of his right leg, pain and mental anguish, and worsened psychotic symptoms each day of his life.

38.     As a result of his injury, the Plaintiff was placed in a nursing facility requiring 24/7 supervision.

39.     As a result of his injury, the Plaintiff has had to go through rehabilitation.

40.     As a result of his injury, the Plaintiff has incurred in the past and will incur in the future costs and expenses for medical care, psychiatric treatment, physical rehabilitation, and nursing care.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\26500-26999\26522 S. CHUNG\001 CIVIL VS. GRACE ROAD CHURCH - MAB\PLEADINGS\2015\SECOND AMENDED COMPLAINT FINAL.DOCX

41.     As a result of his injury, the Plaintiff ability to enjoy life has been severely damaged and compromised.

## CAUSE OF ACTION ONE: FALSE IMPRISONMENT

42.     Plaintiff repeats, realleges and incorporates by reference paragraphs one through forty-one.

43.     The Defendants, through their agents and employees, acted to intentionally confine the Plaintiff which directly and proximately caused the Plaintiff's aforementioned injuries in one or more of the following respects:

a. In that they convinced the Plaintiff to come to New York under false pretenses, by falsely informing the Plaintiff that the purpose of the trip was to worship, despite their knowledge that the Plaintiff's severe psychosis prevented him from making informed decisions;

b. In that they utilized their knowledge of the Plaintiff's severe psychosis to manipulate and convince the Plaintiff to come to New York and live in the church;

c. In that they intentionally restrained the Plaintiff by binding his hands and wrists, which resulted in amputation in his right leg above the knee;

d. In that this restraint and confinement caused mental anguish of the Plaintiff, which caused severe trauma, which worsened his mental illness causing him to be institutionalized;

e. In that they caused and permitted the restraint in such dangerous and inhuman condition.

44.     The Plaintiff was aware of his confinement, in particular when he complained of pain in his leg.  At no time did the Plaintiff consent to his confinement.

45.     The Plaintiff's confinement by the Defendants was not privileged.

## CAUSE OF ACTION TWO: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

46.     Plaintiff repeats, realleges and incorporates by reference paragraphs one through forty-one.

47.     The Defendants through their agents and employees intentionally or, with reckless disregard of a substantial probability that their actions would cause severe emotional distress, engaged in extreme and outrageous conduct that has caused severe emotional distress in one or more of the following respects:

    a.  In that they intentionally misrepresented the nature of their intentions in bringing the Plaintiff to New York;

    b.  In that they failed to properly supervise the care provided for the Plaintiff;

    c.  In that they failed to provide necessary medical attention despite the several complaints from the Plaintiff;

    d.  In that they intentionally or recklessly deprived the Plaintiff's medication so that the outburst of symptoms occurred, which put the Plaintiff in grave pain and suffering;

    e.  In that they failed to promulgate, provide, adopt and adhere to reasonable procedures while they undertook to care for a patient with severe mental illness;

f. In that they failed to supervise the Plaintiff so that he left the facility on September 25, 2012, without proper medication;

g. In that they caused and permitted the Gangrene which resulted in the amputation of the Plaintiff's right leg above the knee;

h. In that they caused and permitted mental anguish of the Plaintiff, which caused severe trauma, which worsened his mental illness;

i. In that they caused and permitted the restraint in such dangerous and inhuman condition; and

j. In that they failed to train, educate, supervise, and monitor their employees, agents, servants and contractors.

## CAUSE OF ACTION THREE: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

48. Plaintiff repeats, realleges and incorporates by reference paragraphs one through forty-one.

49. At all relevant times, the Defendants owed a duty to use reasonable care to avoid causing emotional distress to the Plaintiff. The Defendants failed to exercise their duty and unreasonably caused emotional distress to the Plaintiff in one or more of the following respects:

a. In that they negligently misrepresented to the Plaintiff the nature of their intention in convincing the Plaintiff to come to New York, when in the exercise of due care they knew or should have known that the Plaintiff was unable to make an informed decision, or to understand the nature of what the Defendants were proposing;

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\26500-26999\26522 S. CHUNG\001 CIVIL VS. GRACE ROAD CHURCH - MAB\PLEADINGS\2015\SECOND AMENDED COMPLAINT FINAL.docx

b.  In that they negligently failed to properly supervise the care provided for the Plaintiff;

c.  In that they negligently failed to provide necessary medical attention during the said restraint despite the several complaints from the Plaintiff;

d.  In that they failed to stop restraining the Plaintiff, which resulted in amputation of his right leg;

e.  In that they negligently deprived the Plaintiff of his medication;

f.  In that they failed to promulgate, provide, adopt and adhere reasonable procedures while they undertook to care for a patient with severe mental illness;

g.  In that they caused and permitted the amputation of the Plaintiff's right leg above the knee;

h.  In that they caused and permitted mental anguish of the Plaintiff, which caused severe trauma, which worsened his mental illness;

i.  In that they caused and permitted the restraint in such a dangerous and inhuman condition; and

j.  In that they failed to train, educate, supervise, and monitor their employees, agents, servants and contractors.

50.     The Defendants knew, or in the exercise of due care, should have known, that their actions, as outlined above, created an unreasonable risk of causing the Plaintiff emotional distress and, further, that said emotional distress would cause the plaintiff physical harm, as aforementioned.

**CAUSE OF ACTION FOUR: RESPONDEAT SUPERIOR - AS TO OK-JOO SHIN**

51.　　Plaintiff repeats, realleges and incorporates by reference paragraphs one through forty-one.

52.　　The Defendant, Ok-Joo Shin, as the senior pastor who has control over the other Defendants, U.S Grace Road Church, and Korean Grace Road Church, is responsible for the actions of the other Defendants and/or her employees, agents or servants performed within the course of their employment or the scope of their authority. The aforementioned injuries and losses suffered and sustained by the Plaintiff were directly and proximately caused by the Defendant, Ms. Shin in one or more of the following respects:

    a.　In that she authorized or directed Ms. Chung to convince the Plaintiff to come to New York;

    b.　In that she authorized the withholding of medication and the restraint of the Plaintiff;

    c.　In that she failed to properly supervise the care provided to the Plaintiff;

    d.　In that she failed to order her employees to provide necessary medical attention during the said restraint despite the several complaints from the Plaintiff;

    e.　In that she failed to prevent her employees from depriving the Plaintiff of his medication so that the outburst of symptoms occurred, which put the Plaintiff in grave pain and suffering;

    f.　In that she failed to promulgate, provide, adopt and adhere reasonable procedures while she undertook care for a patient with severe mental illness;

g.  In that she failed to supervise her employees so that the Plaintiff left the facility without proper medication;

h.  In that she failed to stop or permitted the amputation of the Plaintiff's right leg, which the Plaintiff has to bear for the rest of his life;

i.  In that she caused and permitted mental anguish of the Plaintiff, which caused severe trauma, which worsened his mental illness;

j.  In that she failed to stop or permitted the restraint in such dangerous and inhuman condition; and

k.  In that she failed to train, educate, supervise, and monitor her employees, agents, servants and contractors.

## CAUSE OF ACTION FIVE: RESPONDEAT SUPERIOR AS TO GRACE ROAD CHURCH (NEW YORK)

53.  Plaintiff repeats, realleges and incorporates by reference paragraphs one through forty-one.

54.  The Defendant, Grace Road Church (New York), is responsible for the actions of the other Defendants and/or its employees, agents or servants performed within the course of their employment or the scope of their authority, including the aforementioned actions of Myung-Hee Chung and Ok-Joo Shin. The aforementioned injuries and losses suffered and sustained by the Plaintiff were directly and proximately caused by the Defendant, Grace Road Church (New York) in one or more of the following respects:

a. In that it authorized or directed Ms. Chung to convince the Plaintiff to come to New York;

b. In that it authorized the withholding of medication and the restraint of the Plaintiff;

c. In that it failed to properly supervise the care provided to the Plaintiff;

d. In that it failed to order its employees to provide necessary medical attention during the said restraint despite the several complaints from the Plaintiff;

e. In that it failed to prevent its employees from depriving the Plaintiff of his medication so that the outburst of symptoms occurred, which put the Plaintiff in grave pain and suffering;

f. In that it failed to promulgate, provide, adopt and adhere reasonable procedures while it undertook care for a patient with severe mental illness;

g. In that it failed to supervise its employees so that the Plaintiff left the facility without proper medication;

h. In that it failed to stop or permitted the amputation of the Plaintiff's right leg, which the Plaintiff has to bear for the rest of his life;

i. In that it caused and permitted mental anguish of the Plaintiff, which caused severe trauma, which worsened his mental illness;

j. In that it failed to stop or permitted the restraint in such dangerous and inhuman condition; and

k. In that it failed to train, educate, supervise, and monitor her employees, agents, servants and contractors.

**CAUSE OF ACTION SIX: RESPONDEAT SUPERIOR AS TO GRACE ROAD CHUCH (SOUTH KOREA) FOR CONDUCT OF MYUNG-HEE CHUNG**

55.     Plaintiff repeats, realleges and incorporates by reference paragraphs one through forty-one.

56.     The Defendant, Grace Road Church (South Korea), is responsible for the actions of the other Defendants, and/or its employees, agents or servants performed within the course of their employment or the scope of their authority, including the aforementioned actions of Myung-Hee Chung and Ok-Joo Shin. The aforementioned injuries and losses suffered and sustained by the Plaintiff were directly and proximately caused by the Defendant, Grace Road Church (South Korea) in one or more of the following respects:

    a.  In that it authorized or directed Ms. Chung to convince the Plaintiff to come to New York;

    b.  In that it authorized the withholding of medication and the restraint of the Plaintiff;

    c.  In that it failed to properly supervise the care provided to the Plaintiff;

    d.  In that it failed to order its employees to provide necessary medical attention during the said restraint despite the several complaints from the Plaintiff;

    e.  In that it failed to prevent its employees from depriving the Plaintiff of his medication so that the outburst of symptoms occurred, which put the Plaintiff in grave pain and suffering;

    f.  In that it failed to promulgate, provide, adopt and adhere reasonable procedures while it undertook care for a patient with severe mental illness;

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\26500-26999\26522 S. CHUNG\001 CIVIL VS. GRACE ROAD CHURCH - MAB\PLEADINGS\2015\SECOND AMENDED COMPLAINT FINAL.DOCX

g.  In that it failed to supervise its employees so that the Plaintiff left the facility without proper medication;

h.  In that it failed to stop or permitted the amputation of the Plaintiff's right leg, which the Plaintiff has to bear for the rest of his life;

i.  In that it caused and permitted mental anguish of the Plaintiff, which caused severe trauma, which worsened his mental illness;

j.  In that it failed to stop or permitted the restraint in such dangerous and inhuman condition; and

k.  In that it failed to train, educate, supervise, and monitor her employees, agents, servants and contractors.

## CAUSE OF ACTION EIGHT: ASSAULT

57.  Plaintiff repeats, realleges and incorporates by reference paragraphs one through forty-one.

58.  The Defendants, through their agents and employees caused the reasonable apprehension of the aforementioned immediate harmful or offensive contact to the Plaintiff in one or more of the following respects:

a.  In that they restrained Mr. Chung's wrists, ankles, and knees in the chair with duct tape, putting socks in his mouth, which caused the amputation of his right leg above his knee.

**CAUSE OF ACTION NINE: BATTERY**

59.     Plaintiff repeats, realleges and incorporates by reference paragraphs one through forty-one.

60.     The Defendants, through their agents, servants or employees, intentionally and voluntarily brought about an unconsented harmful or offensive contact to the Defendant, as aforemenetioned, in one or more of the following respects:

      a.    In that they restrained the Plaintiff's wrists, ankles, and knees in the chair with duct tape, putting socks in his mouth, which subsequently caused the amputation of his right leg above the knee.

**CAUSE OF ACTION TEN: NEGLIGENCE**

61.     Plaintiff repeats, realleges and incorporates by reference paragraphs one through forty-one.

62.     The Defendants either individual or through their respective agents, servants, employees or assigns, negligently caused the Plaintiff's aforementioned injuries in one or more of the following ways:

      a.    In that they negligently misrepresented to the Plaintiff the nature of their intention in convincing the Plaintiff to come to New York, when in the exercise of due care they knew or should have known that the Plaintiff was unable to make an informed decision, or to understand the nature of what the Defendants were proposing;

b.  In that they authorized the withholding of medication and the restraint of the Plaintiff, when in the exercise of due care they knew or should have known that it was unreasonable to do so;

c.  In that they continued to withhold the Plaintiff's medication, even after the outburst of symptoms occurred, when in the exercise of due care they knew or should have known that it was unreasonable to do so;

d.  In that they failed to provide necessary medical attention during the restraint, despite the several complaints of the Plaintiff;

e.  In that they failed to stop restraining the Plaintiff, despite the several complaints of the Plaintiffs, when in the exercise of due care they knew or should have known that it was unreasonable to do so;

f.  In that they failed to stop restraining the Plaintiff, even after the Plaintiff's leg became visibly discolored, when in the exercise of due care they knew or should have known that it was reasonable to do so;

g.  In that they failed to stop restraining the Plaintiff even after the Plaintiff's leg developed Gangrene, when in the exercise of due care they knew or should have known that it was unreasonable to do so;

h.  In that they undertook the care of a patient with severe mental illness despite the utter lack of training, knowledge, or experience concerning the same, when in the exercise of due care they knew or should have known that it was reasonable to do so;

i.  In that they waited until after the Plaintiff's leg had developed Gangrene to seek medical attention on behalf of the Plaintiff, when in the exercise of due care they knew or should have known that it was unreasonable to do so;

j.  In that they caused and permitted the restraint in such a dangerous and inhuman condition, when in the exercise of due care they knew or should have known that it was unreasonable to do so.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\26500-26999\26522 S. CHUNG\001 CIVIL VS. GRACE ROAD CHURCH - MAB\PLEADINGS\2015\SECOND AMENDED COMPLAINT FINAL.DOCX

**CAUSE OF ACTION ELEVEN: NEGLIGENT SUPERVISION**

63.     Plaintiff repeats, realleges and incorporates by reference paragraphs one through forty-one.

64.     At all relevant times, the Defendants knew or should have known that Ms. Chung and/or other agents, servants or employees of the Defendants had a propensity to commit the aforementioned acts because the Defendants had preached, directed, instructed, or suggested that said acts were appropriate and correct.

65.     The Defendants caused the Plaintiff's aforementioned injuries through the negligent supervision of their agents, servants or employees, in one or more of the following ways:

    a.  In that they authorized or directed Ms. Chung to convince the Plaintiff to come to New York, when in the exercise of due care they knew, or reasonably should have known, that it was unreasonable to do so;

    b.  After the Plaintiff had come to reside in a facility over which the Defendants had dominion or control, they permitted or otherwise failed to prevent their agents, servants or employees to restrain the Plaintiff;

    c.  After the Plaintiff had come to reside in a facility over which the Defendants had dominion or control, they permitted or otherwise failed to prevent their agents, servants or employees to deprive the Plaintiff of his medication so that the outburst of symptoms occurred;

    d.  After the Plaintiff had come to reside in a facility over which the Defendants had dominion or control, they permitted their agents, servants or employees to restrain the Plaintiff, or otherwise failed to cease the restraint of the Plaintiff, despite the Plaintiff's several complaints;

e. After the Plaintiff had come to reside in a facility over which the Defendants had dominion or control, they permitted their agents, servants or employees to restrain the Plaintiff, or otherwise failed to cease the restraint of the Plaintiff, even after the Plaintiff's leg became discolored;

f. After the Plaintiff had come to reside in a facility over which the Defendants had dominion or control, they permitted their agents, servants or employees to restrain the Plaintiff, or otherwise failed to cease the restraint of the Plaintiff, even after the Plaintiff's leg developed Gangrene;

g. After the Plaintiff had come to reside in a facility over which the Defendants had dominion or control, they failed to train, educate, supervise and monitor their agents, servants and employees in the proper care of an individual with the Plaintiff's mental condition;

h. In that they failed to promulgate, propound, maintain, or enforce policies concerning the proper care of an individual with the Plaintiff's mental condition;

i. In that they failed to order or direct their agents, servants or employees to provide necessary medical attention during the restraint despite the several complaints of the Plaintiff;

j. In that they otherwise failed to properly supervise the care provided to the Plaintiff.

## CAUSE OF ACTION TWELVE: BREACH OF FIDUCIARY DUTY

66. Plaintiff repeats, realleges and incorporates by reference paragraphs one through forty-one.

67. At all relevant times, the Defendants had a special relationship with the Plaintiff, in one or more of the following ways:

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\26500-26999\26522 S. CHUNG\001 CIVIL VS. GRACE ROAD CHURCH - MAB\PLEADINGS\2015\SECOND AMENDED COMPLAINT FINAL.DOCX

a.  In that the Plaintiff was in a diminished or incapacitated mental state;

b.  In that the Plaintiff was unable to care for himself properly;

c.  In that the Defendants knew, or in the exercise of due care should have known, that the Plaintiff's severe psychosis prevented him from making informed decisions, or from understanding the nature of what the Defendants were proposing;

d.  In that the Defendants knew, or in the exercise of due care should have known, that the Plaintiff's severe psychosis caused him to be easily subject to manipulation;

e.  In that the Defendants maintained custody of the Plaintiff by force;

f.  In that the Plaintiff was unable to willingly, knowingly, and voluntarily consent to the Defendant's custody of the Plaintiff;

g.  In that Ms. Chung, and agent, servant or employee of the Defendants, was a family member of the Plaintiff.

68.  The Defendants breached the fiduciary duty they owed to the Plaintiff by virtue of their special relationship with him, and thereby directly and proximately caused the Plaintiff's aforementioned injuires in one or more of the following ways:

a.  In that they negligently misrepresented to the Plaintiff the nature of their intention in convincing the Plaintiff to come to New York, when in the exercise of due care they knew or should have known that the Plaintiff was unable to make an informed decision, or to understand the nature of what the Defendants were proposing;

b.  In that they authorized the withholding of medication and the restraint of the Plaintiff, when in the exercise of due care they knew or should have known that it was unreasonable to do so;

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\26500-26999\26522 S. CHUNG\001 CIVIL VS. GRACE ROAD CHURCH - MAB\PLEADINGS\2015\SECOND AMENDED COMPLAINT FINAL.docx

c. In that they continued to withhold the Plaintiff's medication, even after the outburst of symptoms occurred, when in the exercise of due care they knew or should have known that it was unreasonable to do so;

d. In that they failed to provide necessary medical attention during the restraint, despite the several complaints of the Plaintiff;

e. In that they failed to stop restraining the Plaintiff, despite the several complaints of the Plaintiffs, when in the exercise of due care they knew or should have known that it was unreasonable to do so;

f. In that they failed to stop restraining the Plaintiff, even after the Plaintiff's leg became visibly discolored, when in the exercise of due care they knew or should have known that it was reasonable to do so;

g. In that they failed to stop restraining the Plaintiff even after the Plaintiff's leg developed Gangrene, when in the exercise of due care they knew or should have known that it was unreasonable to do so;

h. In that they undertook the care of a patient with severe mental illness despite the utter lack of training, knowledge, or experience concerning the same, when in the exercise of due care they knew or should have known that it was reasonable to do so;

i. In that they waited until after the Plaintiff's leg had developed Gangrene to seek medical attention on behalf of the Plaintiff, when in the exercise of due care they knew or should have known that it was unreasonable to do so;

j. In that they caused and permitted the restraint in such a dangerous and inhuman condition, when in the exercise of due care they knew or should have known that it was unreasonable to do so.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\26500-26999\26522 S. CHUNG\001 CIVIL VS. GRACE ROAD CHURCH - MAB\PLEADINGS\2015\SECOND AMENDED COMPLAINT FINAL.DOCX

## CAUSE OF ACTION THIRTEEN: CIVIL CONSPIRACY AS TO ALL DEFENDANTS

69.     Plaintiff repeats, realleges and incorporates by reference paragraphs one through sixty-eight.

70.     The Defendants, through their agents, servants, employees or assigns, including, but not limited to, Ok-Joo Shin and Myung-Hee Chung, combined to perform the unlawful or criminal acts as set forth in paragraphs one through sixty-eight.

71.     At all relevant times, the Defendants and/or their agents, servants, employees or assigns were working in the course of their employment/agency and the scope of their authority.

72.     Thereafter, one or more of the conspirators committed one or more acts in furtherance of the scheme, as set forth above.

73.     The aforementioned unlawful or criminal acts of the Defendants, their agents, servants, employees, or assigns, directly and proximately caused damage and injury to the Plaintiff as set forth above.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\26500-26999\26522 S. CHUNG\001 CIVIL VS. GRACE ROAD CHURCH - MAB\PLEADINGS\2015\SECOND AMENDED COMPLAINT FINAL.docx

WHEREFORE, Plaintiffs demand judgment against the Defendants jointly and severally in a sum to be determined by the trier of fact together with such other and further relief as is just and proper.

TRIAL BY JURY IS DEMANDED.

RESPECTFULLY SUBMITTED
THE PLAINTIFF,

**Marisa A. Bellair, Esq.**
Steven J. Errante, Esq. (pro hac vice)
Marisa A. Bellair, Esq. (pro hac vice)
Daniel P. Scholfield, Esq. (pro hac vice)
Lynch, Traub, Keefe & Errante, P.C.
52 Trumbull St
New Haven, CT 06510
Tel. (203) 787-0275
Fax (203) 782-0278

**Jonathan Silver, Esq.**
Jonathan Silver, Esq. (7942)
Local Attorney for the Plaintiff
80-02 Kew Gardens Road
Kew Gardens, New York 11415
(718) 520-1010

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\26500-26999\26522 S. CHUNG\001 CIVIL VS. GRACE ROAD CHURCH - MAB\PLEADINGS\2015\SECOND AMENDED COMPLAINT FINAL.docx

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2015, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic filing.  Parties may access this filing through the Court's CM/ECF System.

<u>Marisa A. Bellair, Esq.</u>
Attorney's Signature