# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **SUNG-HO HWANG, CONSERVATOR OF** | : | |
| **THE ESTATE OF SEUNGICK CHUNG** | : | |
| | : | **CIVIL ACTION** |
| | : | **No. 1:14-cv-07187 KAM** |
| | : | |
| **V.** | : | |
| | : | |
| **GRACE ROAD CHURCH (in New York, NY),** | : | |
| **GRACE ROAD CHURCH (in South Korea),** | : | |
| **OK-JOO SHIN** | : | **April 12, 2016** |

## AMENDED COMPLAINT

### INTRODUCTION

1.      The Plaintiff **SUNG-HO HWANG** (hereinafter "the Plaintiff"), having been duly appointed the conservator of the person and of the estate of **SEUNGICK CHUNG** (hereinafter "the Plaintiff's conserved" or "Mr. Chung"), brings an action against defendants for personal injury sustained at Grace Road Church.

### THE PARTIES

2.      The Defendant, Grace Road Church, is a South Korean non-profit corporation with a principal address of 159 Juam-dong, Gwacheon-si, Gyeonggi-do, The Republic of Korea (South Korea).

3.     The Defendant, Grace Road Church, is a church formally incorporated on or about May 16, 2013 after the actions of its promoters, including those actions set forth below, from which it benefitted, and which has a principal address of 36 03 164th Street, Flushing, New York 11358.

4.     The Defendant, Ok-Joo Shin (hereinafter "Ms. Shin" or "Pastor Shin") is an individual residing in The Republic of Korea and is the head minister and the founding member of both the Grace Road Church in Korea and Grace Road Church in New York with a principal address of 159 Juam-dong, Gwacheon-si, Gyeonggi-do, The Republic of Korea.  At all relevant times, including the present, Ms. Shin was, in fact, the actual and effective head of both the Grace Road Church in Korea and the Grace Road Church in New York.

5.     At all relevant times and upon information and belief, there was such a unity of interest between the Defendants that for all intents and purposes there was never any individuality or separateness between the Defendants, and the Defendants are and were the instrumentality and alter-ego of each other.

6.     The Plaintiff's conserved, SEUNGICK CHUNG, is an individual residing in the state of Connecticut, and resided in the state of Connecticut at the time he first had any contact or relationship with any of the defendants.

## JURISDICTION AND VENUE

7.     The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00.

8.     Jurisdiction of this Court arises under 28 U.S.C. Section 1332, in that there is a diversity of citizenship of the parties.

9.     Venue in this district is appropriate, since the Defendants target their ministry to individuals in this District, the Plaintiff and witnesses reside in this district, and the Defendants, Grace Road Church in South Korea, Grace Road Church in New York, and Ms. Shin, derive substantial revenue from interstate or international commerce.

## FACTUAL ALLEGATIONS

10.     The Plaintiff's conserved has a history of severe mental and has been diagnosed with Schizophrenia (Paranoid Type), Anxiety Disorder with a history of Seizure Disorder, and held said diagnoses at all relevant times. At various times throughout his life, Mr. Chung's mental illness required periods of hospitalization. Additionally, at all relevant times, the Plaintiff's conserved was taking a number of prescription medicines to treat his mental illness.

11.     The Defendant, Ms. Shin is the senior pastor and the founding member of the Defendant Grace Road Church in the Republic of Korea (hereinafter "Korean Grace Road Church") who ministers in the United States, including in New York. At all relevant times,

Lynch, Traub, Keefe and Errante, p. c.   Attorneys at Law
52 Trumbull Street   p.o. box 1612   New Haven, Connecticut 06506-1612
telephone (203) 787-0275   facsimile (203) 782-0278

W:\26500-26999\26522 S. Chung\001 Civil vs. Grace Road Church - MAB\Pleadings\2016\Third Amended Complaint.docx

including the present, Ms. Shin was also, in fact, the actual and effective head of both the Grace Road Church in Korea and the Grace Road Church in New York.

12.     Grace Road Church in the U.S (hereinafter "U.S Grace Road Church") is comprised entirely of members who either hailed from Korea and/or the Korean Grace Road Church, or who were evangelized in the United States by the early promoters of the U.S. Grace Road Church, including the actions of its Pastor, Ms. Shin, and Myung-Hee Chung (hereinafter "Ms. Chung"), the elder sister of the Plaintiff's conserved. One such evangelistic activity included preaching that individuals with maladies could, under the specific tutelage of Pastor Shin, be healed through the application of meditation and prayer.

13.     In the beginning of September 2012, Ms. Shin and church members (hereinafter "the church members"), including Ms. Chung, entered into the U.S for the express purpose of establishing a subsidiary church, the U.S Grace Road Church, and evangelizing new members thereto. Those members entered the United States at the specific direction of the Korean Church and Ms. Shin for the express purpose of promoting and establishing a subsidiary church in the United States.

14.     At all relevant times, Pastor Shin and Ms. Chung were promoting the soon-to-be-formed Grace Road Church in New York through evangelistic efforts, included attempting to perform miracles to prove the validity of the message of the Church, thereby attracting new

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\26500-26999\26522 S. CHUNG\001 CIVIL VS. GRACE ROAD CHURCH - MAB\PLEADINGS\2016\THIRD AMENDED COMPLAINT.docx

members to the soon-to-be-formed Grace Road Church in New York. The tortious actions described below were, at all relevant times, part and parcel of that promotion effort. Further, at all relevant times, the U.S. Grace Road Church benefitted from those promotion efforts in that they attracted new members to the soon-to-be-formed church, at least some of whom remain with the Church to this day, and further provided the Church with a platform upon which to tout its message.

15. Accordingly, at all relevant times the said church members and Ms. Chung were the agents, servants or employees of the Korean Grace Road Church and Ms. Shin, working collectively for the Korean Grace Road Church and Ms. Shin to promote the soon-to-be-formed U.S. Grace Road Church.

16. From the time when Ms. Shin and the church members came into the U.S to October 12, 2012, the church members used three different residential properties in succession as the location for U.S Grace Road Church that were paid for by a benefactor of the Church.

17. The said residential properties were also used as residences for the church members. Church members who resided at the residences, including Ms. Shin and Ms. Chung, did not pay rent or use and occupancy fees for the right to reside at the residences. Rather, Church members who resided at the residences were allowed to do so in order that they could attend to their religious studies and worship under the direction of Pastor Shin.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\26500-26999\26522 S. CHUNG\001 CIVIL VS. GRACE ROAD CHURCH - MAB\PLEADINGS\2016\THIRD AMENDED COMPLAINT.docx

18.     In the beginning of September 2012, Ms. Chung invited and convinced the Plaintiff's conserved to travel from Connecticut to New York to live with her and the Defendant, Ms. Shin, and to participate in worship at one or more of the aforementioned residences, with the express purpose of attempting to cure his schizophrenia through religious healing and/or perform a religious miracle under the supervision of Pastor Shin.  At all relevant times, at least part of the goal of this plan was to further the promoters' evangelistic efforts.

19.     On information and belief, Ms. Chung took said action pursuant to the direction of Ms. Shin.  On information and belief, Ms. Chung falsely informed the Plaintiff's conserved that she had his well-being in mind, and that the purpose of the trip was to teach the Plaintiff's conserved the principles and worship of the Defendant churches, instead of informing the Plaintiff's conserved that they intended to perform a religious healing upon him.  On information and belief, at all relevant times the Defendants and their promoters and agents, including Ms. Chung and Ms. Shin, were aware of the Mr. Chung's severe psychosis and knew, or reasonably should have known, of his inability to make informed decisions, his inability to fully appreciate the nature of what the Defendants were proposing, and the ease with which he could be convinced to take action against his best interest.

20.     On information and belief, and unbeknownst to the Plaintiff's conserved, Ms. Shin directed Ms. Chung to bring the Plaintiff's conserved to New York as part of a plan to treat the his

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\26500-26999\26522 S. CHUNG\001 CIVIL VS. GRACE ROAD CHURCH - MAB\PLEADINGS\2016\THIRD AMENDED COMPLAINT.docx

severe psychosis by removing him from prescription medication and attempting religious healing, with the purpose of using the religious healing as an evangelistic effort to further the purposes of the Korean Grace Road Church and to help establish the U.S. Grace Road Church. On information and belief, Ms. Shin was either the origin of said plan, or instrumental to the formulation of said plan.

21. Shortly thereafter, Ms. Chung brought the Plaintiff's conserved to live with the Defendant, Ms. Shin at their church.

22. Mr. Chung's stay with the Defendants continued until October 12, 2012.

23. During the stay, the Defendant, Ms. Shin and the other church members forcibly prevented Mr. Chung from taking his medications, which were necessary to keep his symptoms under control, as part of their evangelistic efforts.

24. Discontinuing the medications was a part of the Defendants' attempt to cure Mr. Chung's illness with religious healing, which was itself done in furtherance of the evangelistic efforts of the Church to establish a subsidiary Church in New York.

25. The discontinuance of his medications caused outbursts and exacerbation of Mr. Chung's psychotic symptoms, including: visual/auditory hallucination, suicidal thoughts, self-mutilation, self-deprivation of foods and other compulsory behaviors.

26.     During the stay, Ms. Shin provided a series of religious services, including sermons to cure Mr. Chung's psychosis and/or perform a miracle upon him as part of her evangelistic and promoter efforts.

27.     On or about September 25, 2012, the Plaintiff's conserved experienced a psychotic episode during which he left the custody of the Defendants and Ms. Chung, and aimlessly wandered in a confused state about Queens, New York.

28.     On or about September 25, 2012, after locating Mr. Chung, the Defendants brought him to 17-24 Parsons Boulevard, Queens, NY, which was then used as the location for religious services and a residence of U.S Grace Road Church.

29.     On or about September 26, 2012, the church members and Ms. Chung forced the Plaintiff's conserved to completely discontinue any use of his medications, once again as part of their effort to perform a miracle in furtherance of their evangelism.

30.     The complete discontinuance of the medication caused Mr. Chung's symptoms to become more severe, which disturbed Ms. Shin and the other church members' sleep during nights.

31.     Accordingly, on or about October 10, 2012, in order to restrain the Mr. Chung's outbursts, church members, under the supervision of the Defendant, Ms. Shin, tied his wrists, ankles, and knees in a chair or bed with duct tape, and put a sock in his mouth to restrain his

screams at night. Said restraint of the Plaintiff's conserved continued without appreciable interruption through October 12, 2012.

32.     During this time, the Plaintiff's conserved made several complaints about a severe pain he was experiencing in his right leg. Also, other church members noticed the discoloration of the right leg. However, the church members failed to provide any necessary medical attention, instead electing to perform massages upon Mr. Chung's leg.

33.     This restraint caused a severe constriction of the blood vessels in Mr. Chung's right leg, which later developed into Gangrene.

34.     On October 12, 2012, around 10:30 AM, the church members took the Plaintiff's conserved to see a dermatologist, Dr. Charles C. Kwak, located at 3420 Parsons Blvd Suite LF, Flushing, NY 11354.

35.     Dr. Kwak ordered the church members to take the Plaintiff to the emergency room at New York Hospital in Queens where he underwent emergency surgery to amputate his right leg above the knee.

36.     As a result of the trauma, the Plaintiff's conserved was institutionalized.

37.     As a direct and proximate result of above, the Plaintiff's conserved suffered and sustained the following injuries and losses, the effects of all or some of which are likely to be permanent in nature:

  a. Above Knee Amputation right leg;

  b. Depressive Disorder caused by the trauma;

  c. Trauma;

  d. Hypertension;

  e. s/p Sepsis;

  f. Injury to his wrists and mouth;

38. As a result of his injury, the Plaintiff's conserved has suffered and continues to suffer, experience and live with the loss of his right leg, pain and mental anguish, and worsened psychotic symptoms each day of his life.

39. As a result of his injury, the Plaintiff's conserved was placed in a nursing facility requiring 24/7 supervision.

40. As a result of his injury, the Plaintiff's conserved has had to go through rehabilitation.

41. As a result of his injury, the Plaintiff's conserved has incurred in the past and will incur in the future costs and expenses for medical care, psychiatric treatment, physical rehabilitation, and nursing care.

42. As a result of his injury, the Plaintiff's conserved ability to enjoy life has been severely damaged and compromised.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C. ATTORNEYS AT LAW
52 TRUMBULL STREET P.O. BOX 1612 NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275 FACSIMILE (203) 782-0278

W:\26500-26999\26522 S. CHUNG\001 CIVIL VS. GRACE ROAD CHURCH - MAB\PLEADINGS\2016\THIRD AMENDED COMPLAINT.docx

43.     At all relevant times, U.S. Grace Road Church benefitted from the aforementioned activities of its promoters, including without limitation Ms. Shin and Ms. Chung, in that their evangelistic efforts allowed them to attract new members to the church and to further their religious message.

44.     At all relevant times, U.S. Grace Road Church retained the aforementioned benefits of the actions of its promoters in that it has retained at least some of the members who were attracted during the promotion period and also continues to further the message that religious healing is possible through concentrated meditation and prayer, under the tutelage of Ms. Shin.

## CAUSE OF ACTION ONE: FALSE IMPRISONMENT

45.     The Plaintiff repeats, realleges and incorporates by reference paragraphs one through forty-four.

46.     The Defendants, through their agents and employees, acted to intentionally confine the Plaintiff's conserved which directly and proximately caused the Mr. Chung's aforementioned injuries in one or more of the following respects:

a.  In that they convinced the Plaintiff's conserved to come to New York under false pretenses, by falsely informing him that the purpose of the trip was to worship, despite their knowledge that Mr. Chung's severe psychosis prevented him from making informed decisions;

b.  In that they utilized their knowledge of Mr. Chung's severe psychosis to manipulate and convince him to come to New York and live in the church;

c.  In that they intentionally restrained the Plaintiff's conserved by binding his hands and wrists, which resulted in amputation in his right leg above the knee;

d.  In that this restraint and confinement caused mental anguish to Mr. Chung, which caused severe trauma, which worsened his mental illness causing him to be institutionalized;

e.  In that they caused and permitted the restraint in such dangerous and inhuman condition.

47.  The Plaintiff's conserved was aware of his confinement, in particular when he complained of pain in his leg.  At no time did Mr. Chung consent to his confinement.

48.  Mr. Chung's confinement by the Defendants was not privileged.

## CAUSE OF ACTION TWO: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

49.  The Plaintiff repeats, realleges and incorporates by reference paragraphs one through forty-four.

50.  The Defendants through their agents and employees intentionally or, with reckless disregard of a substantial probability that their actions would cause severe emotional distress, engaged in extreme and outrageous conduct that has caused severe emotional distress in one or more of the following respects:

a.  In that they intentionally misrepresented the nature of their intentions in bringing the Plaintiff's conserved to New York;

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\26500-26999\26522 S. CHUNG\001 CIVIL VS. GRACE ROAD CHURCH - MAB\PLEADINGS\2016\THIRD AMENDED COMPLAINT.docx

b. In that they failed to properly supervise the care provided for the Plaintiff's conserved;

c. In that they failed to provide necessary medical attention despite the several complaints from the Plaintiff's conserved;

d. In that they intentionally or recklessly deprived the Mr. Chung's medication so that the outburst of symptoms occurred, which put him in grave pain and suffering;

e. In that they failed to promulgate, provide, adopt and adhere to reasonable procedures while they undertook to care for a patient with severe mental illness;

f. In that they failed to supervise the Plaintiff's conserved so that he left the facility on September 25, 2012, without proper medication;

g. In that they caused and permitted the gangrene which resulted in the amputation of Mr. Chung's right leg above the knee;

h. In that they caused and permitted mental anguish of the Plaintiff's conserved, which caused severe trauma, which worsened his mental illness;

i. In that they caused and permitted the restraint in such dangerous and inhuman condition; and

j. In that they failed to train, educate, supervise, and monitor their employees, agents, servants and contractors.

## CAUSE OF ACTION THREE: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

51. The Plaintiff repeats, realleges and incorporates by reference paragraphs one through forty-four.

52.     At all relevant times, the Defendants owed a duty to use reasonable care to avoid causing emotional distress to the Plaintiff's conserved.  The Defendants failed to exercise their duty and unreasonably caused emotional distress to the Plaintiff's conserved in one or more of the following respects:

    a.  In that they negligently misrepresented to the Plaintiff's conserved the nature of their intention in convincing him to come to New York, when in the exercise of due care they knew or should have known that the Plaintiff's conserved was unable to make an informed decision, or to understand the nature of what the Defendants were proposing;

    b.  In that they negligently failed to properly supervise the care provided for the Plaintiff's conserved;

    c.  In that they negligently failed to provide necessary medical attention during the said restraint despite the several complaints from the Plaintiff's conserved;

    d.  In that they failed to stop restraining the Plaintiff's conserved, which resulted in amputation of his right leg;

    e.  In that they negligently deprived the Plaintiff's conserved of his medication;

    f.  In that they failed to promulgate, provide, adopt and adhere reasonable procedures while they undertook to care for a patient with severe mental illness;

    g.  In that they caused and permitted the amputation of Mr. Chung's right leg above the knee;

    h.  In that they caused and permitted mental anguish of the Plaintiff's conserved, which caused severe trauma, which worsened his mental illness;

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\26500-26999\26522 S. CHUNG\001 CIVIL VS. GRACE ROAD CHURCH - MAB\PLEADINGS\2016\THIRD AMENDED COMPLAINT.docx

      i.   In that they caused and permitted the restraint in such a dangerous and inhuman condition; and

      j.   In that they failed to train, educate, supervise, and monitor their employees, agents, servants and contractors.

53.     The Defendants knew, or in the exercise of due care, should have known, that their actions, as outlined above, created an unreasonable risk of causing the Plaintiff's conserved emotional distress and, further, that said emotional distress would cause him physical harm, as aforementioned.

## CAUSE OF ACTION FOUR: RESPONDEAT SUPERIOR - AS TO OK-JOO SHIN

54.     Plaintiff repeats, realleges and incorporates by reference paragraphs one through forty-four.

55.     The Defendant, Ok-Joo Shin, as the senior pastor who has control over the other Defendants, U.S Grace Road Church, and Korean Grace Road Church, is responsible for the actions of the other Defendants and/or her employees, agents or servants performed within the course of their employment or the scope of their authority. The aforementioned injuries and losses suffered and sustained by the Plaintiff's conserved were directly and proximately caused by the Defendant, Ms. Shin in one or more of the following respects:

      a.   In that she authorized or directed Ms. Chung to convince the Plaintiff's conserved to come to New York;

b.  In that she authorized the withholding of medication and the restraint of the Plaintiff's conserved;

c.  In that she failed to properly supervise the care provided to the Plaintiff's conserved;

d.  In that she failed to order her employees to provide necessary medical attention during the said restraint despite the several complaints from the Plaintiff's conserved;

e.  In that she failed to prevent her employees from depriving the Plaintiff's conserved of his medication so that the outburst of symptoms occurred, which put him in grave pain and suffering;

f.  In that she failed to promulgate, provide, adopt and adhere reasonable procedures while she undertook care for a patient with severe mental illness;

g.  In that she failed to supervise her employees so that the Plaintiff's conserved left the facility without proper medication;

h.  In that she failed to stop or permitted the amputation of Mr. Chung's right leg, which he has to bear for the rest of his life;

i.  In that she caused and permitted mental anguish of the Plaintiff's conserved, which caused severe trauma, which worsened his mental illness;

j.  In that she failed to stop or permitted the restraint in such dangerous and inhuman condition; and

k.  In that she failed to train, educate, supervise, and monitor her employees, agents, servants and contractors.

## CAUSE OF ACTION FIVE: RESPONDEAT SUPERIOR AS TO GRACE ROAD CHURCH (NEW YORK)

56. The Plaintiff repeats, realleges and incorporates by reference paragraphs one through forty-four.

57. The Defendant, Grace Road Church (New York), is responsible for the actions of the other Defendants and/or its employees, agents or servants performed within the course of their employment or the scope of their authority, including the aforementioned actions of Myung-Hee Chung and Ok-Joo Shin. The aforementioned injuries and losses suffered and sustained by the Plaintiff's conserved were directly and proximately caused by the Defendant, Grace Road Church (New York) in one or more of the following respects:

    a. In that it authorized or directed Ms. Chung to convince the Plaintiff's conserved to come to New York;

    b. In that it authorized the withholding of medication and the restraint of the Plaintiff's conserved;

    c. In that it failed to properly supervise the care provided to the Plaintiff's conserved;

    d. In that it failed to order its employees to provide necessary medical attention during the said restraint despite the several complaints from the Plaintiff's conserved;

    e. In that it failed to prevent its employees from depriving the Plaintiff's conserved of his medication so that the outburst of symptoms occurred, which put him in grave pain and suffering;

f.  In that it failed to promulgate, provide, adopt and adhere reasonable procedures while it undertook care for a patient with severe mental illness;

g.  In that it failed to supervise its employees so that the Plaintiff's conserved left the facility without proper medication;

h.  In that it failed to stop or permitted the amputation of Mr. Chung's right leg, which he has to bear for the rest of his life;

i.  In that it caused and permitted mental anguish of the Plaintiff's conserved, which caused severe trauma, which worsened his mental illness;

j.  In that it failed to stop or permitted the restraint in such dangerous and inhuman condition; and

k.  In that it failed to train, educate, supervise, and monitor her employees, agents, servants and contractors.

## CAUSE OF ACTION SIX: RESPONDEAT SUPERIOR AS TO GRACE ROAD CHUCH (SOUTH KOREA) FOR CONDUCT OF MYUNG-HEE CHUNG

58.  The Plaintiff repeats, realleges and incorporates by reference paragraphs one through forty-four.

59.  The Defendant, Grace Road Church (South Korea), is responsible for the actions of the other Defendants, and/or its employees, agents or servants performed within the course of their employment or the scope of their authority, including the aforementioned actions of Myung-Hee Chung and Ok-Joo Shin. The aforementioned injuries and losses suffered and sustained by the Plaintiff's conserved were directly and proximately caused by the Defendant, Grace Road Church (South Korea) in one or more of the following respects:

a. In that it authorized or directed Ms. Chung to convince the Plaintiff's conserved to come to New York;

b. In that it authorized the withholding of medication and the restraint of the Plaintiff's conserved;

c. In that it failed to properly supervise the care provided to the Plaintiff's conserved;

d. In that it failed to order its employees to provide necessary medical attention during the said restraint despite the several complaints from the Plaintiff's conserved;

e. In that it failed to prevent its employees from depriving the Plaintiff's conserved of his medication so that the outburst of symptoms occurred, which put him in grave pain and suffering;

f. In that it failed to promulgate, provide, adopt and adhere reasonable procedures while it undertook care for a patient with severe mental illness;

g. In that it failed to supervise its employees so that the Plaintiff's conserved left the facility without proper medication;

h. In that it failed to stop or permitted the amputation of the Mr. Chung's right leg, which he has to bear for the rest of his life;

i. In that it caused and permitted mental anguish of the Plaintiff's conserved, which caused severe trauma, which worsened his mental illness;

j. In that it failed to stop or permitted the restraint in such dangerous and inhuman condition; and

k. In that it failed to train, educate, supervise, and monitor her employees, agents, servants and contractors.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\26500-26999\26522 S. CHUNG\001 CIVIL VS. GRACE ROAD CHURCH - MAB\PLEADINGS\2016\THIRD AMENDED COMPLAINT.docx

## **CAUSE OF ACTION EIGHT: ASSAULT**

60. The Plaintiff repeats, realleges and incorporates by reference paragraphs one through forty-four.

61. The Defendants, through their agents and employees caused the reasonable apprehension of the aforementioned immediate harmful or offensive contact to the Plaintiff's conserved in one or more of the following respects:

    a.   In that they restrained Mr. Chung's wrists, ankles, and knees in the chair with duct tape, putting socks in his mouth, which caused the amputation of his right leg above his knee.

## **CAUSE OF ACTION NINE: BATTERY**

62. The Plaintiff repeats, realleges and incorporates by reference paragraphs one through forty-four.

63. The Defendants, through their agents, servants or employees, intentionally and voluntarily brought about an unconsented harmful or offensive contact to the Defendant, as aforemenetioned, in one or more of the following respects:

    a.   In that they restrained Mr. Chung's wrists, ankles, and knees in the chair with duct tape, putting socks in his mouth, which subsequently caused the amputation of his right leg above the knee.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\26500-26999\26522 S. CHUNG\001 CIVIL VS. GRACE ROAD CHURCH - MAB\PLEADINGS\2016\THIRD AMENDED COMPLAINT.DOCX

## **CAUSE OF ACTION TEN: NEGLIGENCE**

64.     The Plaintiff repeats, realleges and incorporates by reference paragraphs one through forty-four.

65.     The Defendants either individual or through their respective agents, servants, employees or assigns, negligently caused Mr. Chung's aforementioned injuries in one or more of the following ways:

    a.  In that they negligently misrepresented to the Plaintiff's conserved the nature of their intention in convincing him to come to New York, when in the exercise of due care they knew or should have known that the Plaintiff's conserved was unable to make an informed decision, or to understand the nature of what the Defendants were proposing;

    b.  In that they authorized the withholding of medication and the restraint of the Plaintiff's conserved, when in the exercise of due care they knew or should have known that it was unreasonable to do so;

    c.  In that they continued to withhold Mr. Chung's medication, even after the outburst of symptoms occurred, when in the exercise of due care they knew or should have known that it was unreasonable to do so;

    d.  In that they failed to provide necessary medical attention during the restraint, despite the several complaints of the Plaintiff's conserved;

    e.  In that they failed to stop restraining the Plaintiff's conserved, despite the several complaints of the Plaintiff's conserved, when in the exercise of due care they knew or should have known that it was unreasonable to do so;

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\26500-26999\26522 S. CHUNG\001 CIVIL VS. GRACE ROAD CHURCH - MAB\PLEADINGS\2016\THIRD AMENDED COMPLAINT.docx

f.  In that they failed to stop restraining the Plaintiff's conserved, even after his leg became visibly discolored, when in the exercise of due care they knew or should have known that it was reasonable to do so;

g.  In that they failed to stop restraining the Plaintiff's conserved even after the his leg developed Gangrene, when in the exercise of due care they knew or should have known that it was unreasonable to do so;

h.  In that they undertook the care of a patient with severe mental illness despite the utter lack of training, knowledge, or experience concerning the same, when in the exercise of due care they knew or should have known that it was reasonable to do so;

i.  In that they waited until after Mr. Chung's leg had developed Gangrene to seek medical attention on behalf of the Plaintiff's conserved, when in the exercise of due care they knew or should have known that it was unreasonable to do so;

j.  In that they caused and permitted the restraint in such a dangerous and inhuman condition, when in the exercise of due care they knew or should have known that it was unreasonable to do so.

## CAUSE OF ACTION ELEVEN: NEGLIGENT SUPERVISION

66.  The Plaintiff repeats, realleges and incorporates by reference paragraphs one through forty-four.

67.  At all relevant times, the Defendants knew or should have known that Ms. Chung and/or other agents, servants or employees of the Defendants had a propensity to commit the aforementioned acts because the Defendants had preached, directed, instructed, or suggested that said acts were appropriate and correct.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\26500-26999\26522 S. CHUNG\001 CIVIL VS. GRACE ROAD CHURCH - MAB\PLEADINGS\2016\Third Amended Complaint.docx

68.    The Defendants caused Mr. Chung's aforementioned injuries through the negligent supervision of their agents, servants or employees, in one or more of the following ways:

    a.   In that they authorized or directed Ms. Chung to convince the Plaintiff's conserved to come to New York, when in the exercise of due care they knew, or reasonably should have known, that it was unreasonable to do so;

    b.   After the Plaintiff's conserved had come to reside in a facility over which the Defendants had dominion or control, they permitted or otherwise failed to prevent their agents, servants or employees to restrain the Plaintiff's conserved;

    c.   After the Plaintiff's conserved had come to reside in a facility over which the Defendants had dominion or control, they permitted or otherwise failed to prevent their agents, servants or employees to deprive the Plaintiff's conserved of his medication so that the outburst of symptoms occurred;

    d.   After the Plaintiff's conserved had come to reside in a facility over which the Defendants had dominion or control, they permitted their agents, servants or employees to restrain the Plaintiff's conserved, or otherwise failed to cease the restraint of the Plaintiff's conserved, despite his several complaints;

    e.   After the Plaintiff's conserved had come to reside in a facility over which the Defendants had dominion or control, they permitted their agents, servants or employees to restrain the Plaintiff's conserved, or otherwise failed to cease the restraint of the Plaintiff's conserved, even after his leg became discolored;

    f.   After the Plaintiff's conserved had come to reside in a facility over which the Defendants had dominion or control, they permitted their agents, servants or employees to restrain the Plaintiff's conserved, or otherwise failed to cease the restraint of the Plaintiff's conserved, even after his leg developed Gangrene;

g. After the Plaintiff's conserved had come to reside in a facility over which the Defendants had dominion or control, they failed to train, educate, supervise and monitor their agents, servants and employees in the proper care of an individual with Mr. Chung's mental condition;

h. In that they failed to promulgate, propound, maintain, or enforce policies concerning the proper care of an individual with Mr. Chung's mental condition;

i. In that they failed to order or direct their agents, servants or employees to provide necessary medical attention during the restraint despite the several complaints of the Plaintiff's conserved;

j. In that they otherwise failed to properly supervise the care provided to the Plaintiff's conserved.

## CAUSE OF ACTION TWELVE: BREACH OF FIDUCIARY DUTY

69.     The Plaintiff repeats, realleges and incorporates by reference paragraphs one through forty-four.

70.     At all relevant times, the Defendants had a special relationship with the Plaintiff's conserved, in one or more of the following ways:

a. In that the Plaintiff's conserved was in a diminished or incapacitated mental state;

b. In that the Plaintiff's conserved was unable to care for himself properly;

c. In that the Defendants knew, or in the exercise of due care should have known, that Mr. Chung's severe psychosis prevented him from making informed decisions, or from understanding the nature of what the Defendants were proposing;

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

d.  In that the Defendants knew, or in the exercise of due care should have known, that Mr. Chung's severe psychosis caused him to be easily subject to manipulation;

e.  In that the Defendants maintained custody of the Plaintiff's conserved by force;

f.  In that the Plaintiff's conserved was unable to willingly, knowingly, and voluntarily consent to the Defendant's custody of the Plaintiff's conserved;

g.  In that Ms. Chung, and agent, servant or employee of the Defendants, was a family member of the Plaintiff's conserved.

71.  The Defendants breached the fiduciary duty they owed to the Plaintiff's conserved by virtue of their special relationship with him, and thereby directly and proximately caused his aforementioned injuries in one or more of the following ways:

a.  In that they negligently misrepresented to the Plaintiff's conserved the nature of their intention in convincing the Plaintiff's conserved to come to New York, when in the exercise of due care they knew or should have known that he was unable to make an informed decision, or to understand the nature of what the Defendants were proposing;

b.  In that they authorized the withholding of medication and the restraint of the Plaintiff's conserved, when in the exercise of due care they knew or should have known that it was unreasonable to do so;

c.  In that they continued to withhold his medication, even after the outburst of symptoms occurred, when in the exercise of due care they knew or should have known that it was unreasonable to do so;

d.  In that they failed to provide necessary medical attention during the restraint, despite the several complaints of the Plaintiff's conserved;

e. In that they failed to stop restraining the Plaintiff's conserved, despite the several complaints of Mr. Chung, when in the exercise of due care they knew or should have known that it was unreasonable to do so;

f. In that they failed to stop restraining the Plaintiff's conserved, even after his leg became visibly discolored, when in the exercise of due care they knew or should have known that it was reasonable to do so;

g. In that they failed to stop restraining the Plaintiff's conserved even after his leg developed Gangrene, when in the exercise of due care they knew or should have known that it was unreasonable to do so;

h. In that they undertook the care of a patient with severe mental illness despite the utter lack of training, knowledge, or experience concerning the same, when in the exercise of due care they knew or should have known that it was reasonable to do so;

i. In that they waited until after Mr. Chung's leg had developed Gangrene to seek medical attention on behalf of the Plaintiff's conserved, when in the exercise of due care they knew or should have known that it was unreasonable to do so;

j. In that they caused and permitted the restraint in such a dangerous and inhuman condition, when in the exercise of due care they knew or should have known that it was unreasonable to do so.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\26500-26999\26522 S. CHUNG\001 CIVIL VS. GRACE ROAD CHURCH - MAB\PLEADINGS\2016\THIRD AMENDED COMPLAINT.docx

WHEREFORE, Plaintiffs demand judgment against the Defendants jointly and severally in a sum to be determined by the trier of fact together with such other and further relief as is just and proper.

TRIAL BY JURY IS DEMANDED.

RESPECTFULLY SUBMITTED
THE PLAINTIFF,

**Marisa A. Bellair, Esq.**
Steven J. Errante, Esq. (pro hac vice)
Marisa A. Bellair, Esq. (pro hac vice)
Daniel P. Scholfield, Esq. (pro hac vice)
Lynch, Traub, Keefe & Errante, P.C.
52 Trumbull St
New Haven, CT 06510
Tel. (203) 787-0275
Fax (203) 782-0278

**Jonathan Silver, Esq.**
Jonathan Silver, Esq. (7942)
Local Attorney for the Plaintiff
80-02 Kew Gardens Road
Kew Gardens, New York 11415
(718) 520-1010

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\26500-26999\26522 S. CHUNG\001 CIVIL VS. GRACE ROAD CHURCH - MAB\PLEADINGS\2016\THIRD AMENDED COMPLAINT.docx

## CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2016, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic filing. Parties may access this filing through the Court's CM/ECF System.

Marisa A. Bellair, Esq.
Attorney's Signature

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\26500-26999\26522 S. CHUNG\001 CIVIL VS. GRACE ROAD CHURCH - MAB\PLEADINGS\2016\THIRD AMENDED COMPLAINT.DOCX