UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x

SUNG-HO HWANG, CONSERVATOR OF
THE ESTATE OF SEUNGICK CHUNG

                 Plaintiff,             **MEMORANDUM & ORDER**
                                          14-CV-7187 (KAM) (RML)
 -against-

GRACE ROAD CHURCH (IN NEW YORK);
GRACE ROAD CHURCH (IN SOUTH KOREA);
and
OK-JOO SHIN

                 Defendants.
------------------------------------x
**MATSUMOTO, United States District Judge:**

        In this diversity action, plaintiff Seungick Chung ("plaintiff") moves for default judgment against defendant churches and their pastor. For the reasons set forth below, plaintiff's motion is GRANTED in part and DENIED in part as to liability. The court refers the issues of damages to Magistrate Judge Levy for a damages inquest.

## Background

        Plaintiff Seungick Chung, prosecuting this action through appointed legal conservator Sung-Ho Hwang, brings this action against Grace Road Church (South Korea) (hereinafter, "Korean Grace Road Church"), Grace Road Church (New York) (hereinafter, "U.S. Grace Road Church"), and the founder and pastor of the Grace Road Churches, Ok-Joo Shin (hereinafter, "Shin", and collectively with Korean Grace Road Church and U.S. Grace Road

Church, "defendants") seeking damages for physical and emotional injuries. Plaintiff commenced this action on November 26, 2013, in the United States District Court for the District of Connecticut. (ECF No. 1, Complaint.) Plaintiff amended his complaint on June 2014. (ECF No. 22, Amended Complaint.) In December 2014, the action was transferred to this court. On January 26, 2015, plaintiff amended his complaint a second time. (ECF No. 60, Second Amended Complaint.) Defendants moved to dismiss the Second Amended Complaint. On March 14, 2016, the court issued a Memorandum and Order granting in part and denying in part defendants' motion to dismiss, and granting plaintiff leave to amend his complaint. *Hwang v. Grace Road Church (in New York)*, No. 14-cv-7187 (KAM)(RML), 2016 WL 1060247 (E.D.N.Y. Mar. 14, 2016). On April 12, 2016, plaintiff amended his complaint again. (ECF No. 69, Third Amended Complaint ("TAC").)

On July 8, 2016, counsel for defendants moved to withdraw as counsel, due to defendants' failure to communicate with counsel. (ECF No. 70, Motion for Leave to File Motion to Withdraw.) After counsel for defendants advised the court of numerous attempts to reach defendants through their last known address in South Korea by Federal Express, by email, and by phone (ECF No. 71, July 29, 2016 letter from defense counsel), the court granted the motion of defense counsel to withdraw. On August 9, 2016, the court ordered defense counsel to notify defendants that the defendants must

2

appear by counsel and answer within 14 days of the order, or plaintiff would be permitted to move for default. (ECF Order dated August 9, 2016). Defense counsel filed a certificate of service, stating that he served the court's August 9, 2016 order on defendants at their last known address in South Korea by Federal Express and by email provided to counsel. (ECF Nos. 72, 73.) On November 22, 2016, plaintiff moved for default judgment (ECF No. 74, Motion for Default), and served the motion on defendants at their last known address in South Korea by Federal Express, which was received and signed for on November 25, 2016. (ECF No. 75, Notice of Service). On July 7, 2017, plaintiff requested the Clerk of Court enter default in order to complete his motion for default judgment. (ECF No. 76, Request for Certificate of Default.) Default was entered on September 7, 2017. To date, all defendants have failed to appear by counsel or otherwise respond to the court's August 8, 2016 order.

The court presumes familiarity with the facts of the case as set forth in its March 14, 2016 Memorandum and Order on defendants' motion to dismiss. The Third Amended Complaint alleges eleven causes of action[1] for: (1) false imprisonment; (2) intentional infliction of emotional distress; (3) negligent infliction of emotional distress; (4) *respondeat superior* as to

---

[1] Although the Third Amended Complaint actually alleges twelve causes of action, it omits a seventh claim.

Shin; (5) *respondeat superior* as to U.S. Grace Road Church; (6) *respondeat superior* as to Korean Grace Road Church; (7) assault; (8) battery; (9) negligence; (10) negligent supervision; and (11) breach of fiduciary duty.

## Legal Standard

"Under Rule 55, a party defaults when he 'has failed to plead or otherwise defend' the case at hand." *Guggenheim Cap., LLC v. Birnbaum*, 722 F.3d 444, 454 (2d Cir. 2013) (citing Fed. R. Civ. P. 55(a)). The Second Circuit has "embraced a broad understanding of the phrase 'otherwise defend.'" *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129 (2d Cir. 2011); *see also Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) (defendant failed to "otherwise defend" by "failing to appear for a deposition, dismissing counsel, giving vague and unresponsive answers to interrogatories, and failing to appear for trial").

Federal Rule of Civil Procedure 55 "provides a 'two-step process' for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment." *Mickalis Pawn Shop*, 645 F.3d at 128. Pursuant to Rule 55(a), the Clerk of Court first enters a default against a defendant by noting the defaulting party's failure to plead or "otherwise defend." Fed. R. Civ. P. 55(a). Second, after the

Clerk of Court enters the default, the court may enter a default judgment. Fed. R. Civ. P. 55(b).

"The decision whether to enter default judgment is committed to the district court's discretion." *Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 116 (2d Cir. 2015). "[P]rior to entering default judgment, a district court is 'required to determine whether [plaintiff's] allegations establish [the defendants'] liability as a matter of law.'" *Mickalis Pawn Shop*, 645 F.3d at 137 (alterations in original) (citing *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2009)). As a general matter, a district court must accept as true all of the factual allegations of the non-defaulting party and draw all reasonable inferences in its favor. *Finkel*, 557 F.3d at 84. Regardless of the assumption of truth of the complaint when a party is in default, however, the court has a "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." *Rolls-Royce PLC v. Rolls-Royce USA, Inc.*, 688 F. Supp. 2d 150, 153 (E.D.N.Y. 2010) (citing *Artect*, 653 F.2d at 65).

<u>**Discussion**</u>

I.  <u>**Default**</u>

In this case, it is clear that the defendants are in default. Defendants have failed to appear or otherwise respond to the court's orders after the withdrawal of defense counsel. They have not submitted any correspondence to the court, and cannot be

5

considered to have filed an answer to the Third Amended Complaint. Nor have they responded to plaintiff's motion for default judgment. Moreover, the corporate defendants have failed to secure counsel. In the Second Circuit, a corporation or entity may not appear or be permitted to conduct litigation unless represented by counsel. *See Shapiro, Bernstein & Co. v. Cont'l Record Co.*, 386 F.2d 426, 427 (2d Cir. 1967) (per curiam) (noting the well-settled law that a corporation cannot appear without an attorney). Therefore, the defendant churches' failure to secure counsel and defendants' failure to otherwise respond to the court's orders constitute a failure to defend and will subject the defendants to a default judgment.

## II.  <u>Liability</u>

### A.  <u>Corporate Liability of U.S. Grace Road Church</u>

In the court's Order on defendants' motion to dismiss, the court dismissed U.S. Grace Road Church because it was incorporated after the events giving rise to this litigation took place. *Grace Road Church*, 2016 WL 1060247, at *7-12. The court concluded that, based on the Second Amended Complaint, U.S. Grace Road Church could not have been liable for actions that preceded its incorporation under the three theories of liability set forth by plaintiff: (1) that U.S. Grace Road Church was a *de facto* corporation; (2) that U.S. Grace Road Church could be held liable on a theory of pre-incorporation promoter liability; and (3) that

U.S. Grace Road Church could not have assumed the liabilities of the pre-incorporation religious society on a merger or consolidation theory under New York Not-for-Profit Corp. Law § 905(b)(3). The court, however, dismissed U.S. Grace Road Church without prejudice, and granted plaintiff leave to cure the deficiencies regarding corporate liability, if he was able. Plaintiff filed the Third Amended Complaint, addressing the deficiencies, on April 12, 2016. (ECF No. 69, TAC.)

Specifically, with respect to the doctrine of promoter liability, the court noted in its previous decision that generally, a corporation or entity is not liable for the torts of its agents or promoters before the corporation or entity comes into existence. *Grace Road Church*, 2016 WL 1060247, at *9. An exception exists, however, where a corporation or entity knowingly accepts the benefits of (or otherwise ratifies) a promoter's or agent's contractual agreement or tortious conduct. *Id.* (citing 1A *Fletcher Cyclopedia of the Law of Corporations* § 218; *Universal Indus. Corp. v. Lindstrom*, 459 N.Y.S.2d 492 (N.Y. App. Div. 1983)); *see also In re Rickel & Assocs., Inc.*, 272 B.R. 74, 95 (Bankr. S.D.N.Y. 2002) ("The unauthorized fraudulent acts of an agent will be imputed to the principal if the principal ratifies the fraud by accepting the benefits of those acts. The same rule applies where the agent commits the fraud prior to the time that the principal comes into legal existence.") Because plaintiff failed to allege in the

Second Amended Complaint that U.S. Grace Road Church profited in any way — economically or otherwise — from the pre-incorporation actions of Shin or the church members, the court found that liability on the actions of the promoters was inappropriate.

Although plaintiff's motion for default judgment is silent as to which of the theories the Third Amended Complaint seeks to utilize to hold U.S. Grace Road Church liable, it appears that plaintiff has amended his complaint to pursue a promoter liability theory through defendant Shin, Korean Grace Road Church, and others.  The Third Amended Complaint alleges that Shin and plaintiff's sister, Myung-Hee Chung (hereinafter "Ms. Chung") were:

> [a]t all relevant times . . . promoting the soon-to-be formed Grace Road Church in New York through evangelistic efforts, including attempting to perform miracles to prove the validity of the message of the Church, thereby attracting new members to the soon-to-be-formed Grace Road Church in New York.  The tortious actions described below were, at all relevant times, part and parcel of that promotion effort.  Further, at all relevant times, the U.S. Grace Road Church benefitted from those promotion efforts in that they attracted new members to the soon-to-be-formed church, at least some of whom remain with the Church to this day, and further provided the Church with a platform upon which to tout its message.

(ECF No. 69, TAC ¶ 14.)

Plaintiff also alleges that:

> 43. At all relevant times, U.S. Grace Road Church benefitted from the aforementioned activities of its promoters, including without limitation Ms. Shin and Ms. Chung, in that their evangelistic efforts allowed them

to attract new members to the church and to further their religious message.

44.   At all relevant times, U.S. Grace Road Church retained the aforementioned benefits of the actions of its promoters in that it has retained at least some of the members who were attracted during the promotion period and also continues to further the message that religious healing is possible through concentrated meditation and prayer, under the tutelage of Ms. Shin.

(*Id.* ¶¶ 43, 44.)

Here, plaintiff alleges that Shin and Ms. Chung both were acting as pre-incorporation agents, or promoters of U.S. Grace Road Church.[2]  Plaintiff also alleges that the U.S. Grace Road Church benefitted from the actions of its promoters through intensified publicity and greater recruiting, which helped to bolster the founding of the U.S. based church, and that the church continues to benefit today because of these actions.  Finally, the Third Amended Complaint alleges that U.S. Grace Road Church continues to expound the message that religious healing is possible through concentrated meditation and prayer, which its promoters pursued during their tortious conduct against plaintiff.

---

[2] An agency relationship arises "when there is agreement between the principal and the agent that the agent will act for the principal and the principal retains a degree of control over the agent." *In re Parmalat Sec. Litig.*, 375 F. Supp. 2d 278, 290 (S.D.N.Y. 2005).  "Under New York law, an express agency is created through (1) 'the principal's manifestation of intent to grant authority to the agent,' (2) 'agreement by the agent,' and (3) the principal's 'control over key aspects of the undertaking.'" *Enigma Software Grp. USA, LLC v. Bleeping Computer LLC*, 194 F. Supp. 3d 263, 174 (S.D.N.Y. 2016) (quoting *Com. Union Ins. Co. v. Alitalia Airlines, S.p.A.*, 347 F.3d 448, 462 (2d Cir. 2003)).  Even where there is no "actual" authority, an implied agency may exist where the "principal has created the appearance of authority, leading . . . [another] party to reasonably believe that actual authority exists." *Highland Cap. Mgmt. LP v. Schneider*, 607 F.3d 322, 328 (2d Cir. 2010).

Accordingly, plaintiff has sufficiently alleged that U.S. Grace Church, through its continuing acceptance and retention of the benefits arising from its promoters' tortious conduct, has rendered itself liable for the tortious conducts.

   B.   <u>False Imprisonment</u>

       Plaintiff alleges false imprisonment. (ECF No. 69, TAC ¶¶ 45-48.)  To make out a claim for false imprisonment in New York, plaintiff must show that "(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." *Saving v. City of N.Y.*, 331 F.3d 63, 75 (2d Cir. 2003) (quoting *Bernard v. U.S.*, 25 F.3d 98, 102 (2d Cir. 1994)); *accord Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995); *Noonan v. New York City Police Dep't Officer Carlos Becker*, No. 14-cv-4084 (LTS)(JLC), 2017 WL 3638201, at *7 (S.D.N.Y. Aug. 23, 2017).

       Plaintiff has sufficiently stated a claim for false imprisonment.  Plaintiff has shown intentional confinement. (ECF No. 69, TAC ¶¶ 31-34 (alleging that plaintiff was restrained by Shin and defendants' employees to a chair for two days).) Plaintiff's allegations that, during the restraint, in which his limbs were restrained, he suffered severe pain in and amputation of his right leg, and trauma (*id.* ¶¶ 31-37), are sufficient to show that he was conscious of the confinement and did not consent

10

to the confinement. *See Estiverne v. Esernio-Jenssen*, 581 F. Supp. 2d 335, 349 (E.D.N.Y. 2008) (concluding that a nine-month-old infant was sufficiently alleged to have been conscious of confinement based on allegations that infant "suffered extreme humiliation, pain and suffering, terror, mental anguish and depression"). Finally, plaintiff has alleged the imprisonment was not privileged. Accordingly, plaintiff's motion for default judgment is granted as to the false imprisonment claim.

C.   <u>Intentional Infliction of Emotional Distress</u>

Plaintiff asserts claims against defendants for intentional infliction of emotional distress. (ECF No. 69, TAC ¶¶ 49-50.) Under New York law, to prove a claim of intentional infliction of emotional distress, a plaintiff must establish "(1) extreme and outrageous conduct, (2) intent to cause severe emotional distress, (3) a causal connection between the conduct and the injury, and (4) severe emotional distress." *Bender v. City of N.Y.*, 78 F.3d 787, 790 (2d Cir. 1996).

Plaintiff alleges that defendant intentionally engaged in extreme and outrageous conduct that has caused severe emotional distress. (ECF No. 69, TAC ¶ 50.) He alleges that the extreme and outrageous conduct included, *inter alia*, intentional misrepresentation of the nature of defendants' intentions, failure to properly supervise care, failure to provide, and withholding of, necessary medical attention, causing and permitting gangrene

11

through restraints that resulted in amputation, and intentional or reckless deprivation of plaintiff's medication, which resulted in psychological injuries including severe emotional distress, severe trauma, mental anguish, and progression of his mental illness. (*Id.*) As these facts are deemed admitted, they are sufficient to establish defendants' liability. *See Noonan*, 2017 WL 3638201, at *5 (allegations that defendant's extreme and outrageous conduct, such as sexual misconduct, led to psychological injuries including mental anguish, shock, emotional distress, and psychological trauma were sufficient to establish liability as to intentional infliction of emotional distress).

    D.   <u>Assault and Battery</u>

      Plaintiff claims that defendants committed the torts of assault and battery. "Under New York law, '[a]n assault is an intentional placing of another person in fear of imminent harmful or offensive contact. A battery is an intentional wrongful physical contact with another person without consent.'" *Girden v. Sandals Int'l*, 262 F.3d 195, 203 (2d Cir. 2001) (quoting *United Nat'l Ins. Co. v. Waterfront N.Y. Realty Corp.*, 994 F.2d 105, 108 (2d Cir. 1993)). Plaintiff has alleged that employees of the defendants placed him in reasonable apprehension of immediate harm, and intentionally and wrongfully physically harmed him by restraining him by taping his wrists, ankles, and knees to a chair with duct tape, and by placing socks in his mouth. (ECF No. 69,

TAC ¶¶ 60-63.)  Because plaintiff has adequately alleged claims for assault and battery, the court grants default judgment as to plaintiff's assault and battery claims.

    E.   <u>Breach of Fiduciary Duty</u>

    Plaintiff alleges that defendants breached their fiduciary duty to him.  Under New York law, a claim for breach of fiduciary duty requires: (1) the existence of a fiduciary duty between plaintiff and defendant, (2) the breach of that duty by defendant, and (3) damages as a result of that breach.  *Margrabe v. Sexter & Warmflash, P.C.*, 353 F. App'x 547, 549 (2d Cir. 2009) (summary order).

    In its previous decision, in the context of plaintiff's negligent infliction of emotional distress claims, the court considered whether the church and its members had a duty to plaintiff who has mental health conditions that require medication.  The court concluded that, at a minimum, the church and its members acquired a duty to exercise reasonable care to ensure his safety at the moment they took possession of him and restrained him.  *Grace Road Church*, 2016 WL 1060247, at *13 (citing *Parvi v. City of Kingston*, 362 N.E.2d 960, 964-65 (N.Y. 1977); *G. ex rel. G. v. Athletic Alliance Risk Purchasing Grp.*, 747 N.Y.S.2d 884, 888 (N.Y. Sup. Ct. 2002); *Zelenko v. Gimbel Bros.*, 287 N.Y.S. 134, 135 (N.Y. Sup. Ct. 1935)).

Here, the complaint alleges that defendants physically restrained plaintiff, withheld medication from plaintiff, and failed to exercise due care during the restraint. (ECF No. 69, TAC ¶¶ 69-71.) In light of the duty the defendants acquired when restraining plaintiff against his will, and based on the allegations in the complaint, the court finds that plaintiff has adequately stated a claim for breach of fiduciary duty. Thus, the court grants default judgment as to plaintiff's breach of fiduciary duty claim.

F.   *Respondeat Superior* Allegations

Plaintiff also pleads that Shin, U.S. Grace Road Church, and Korean Grace Road Church are liable for the conduct of the church members and adherents through the doctrine of *respondeat superior*. (ECF No. 54-59.) Under the New York common law doctrine of *respondeat superior*, "an employer may be vicariously liable for the tortious acts of its employees . . . if those acts were committed in furtherance of the employer's business and within the scope of employment." *Cort v. Marshall's Dep't Store*, No. 14-cv-7385 (NGG)(RER), 2015 WL 9582426, at *2 (E.D.N.Y. Dec. 29, 2015) (internal citations omitted). In order to establish liability pursuant to *respondeat superior*, plaintiff must plead facts that plausibly allege that the predicate torts were committed "within the scope of the employee's duties to the employer and was thus in

furtherance of the employer's interests." *Doe v. Alsaud*, 12 F. Supp. 3d 674, 677 (S.D.N.Y. 2014).

In its earlier opinion, the court considered whether plaintiff adequately pled the elements necessary to sustain his *respondeat superior* allegations against the church defendants for the conduct of Ms. Chung and Shin. Specifically, the court considered whether plaintiff adequately pled that Ms. Chung, the only identified adherent or employee of the church defendants, acted within the scope of her employment, or was instead motivated by personal reasons. *Grace Road Church*, 2016 WL 1060247, at *14. The court concluded that, even with respect to Ms. Chung, whose motivations were at issue due to the possibility that she was acting in her individual interests as plaintiff's sister and not with respect to the churches' interests, plaintiff had adequately alleged that Ms. Chung was acting within the scope of her employment. *Id.*

Here, plaintiff has alleged that the defendants ordered and authorized their employees and adherents to invite plaintiff to New York as part of a plan to treat plaintiff's severe psychosis by removing him from the prescription medication, attempting religious healing, and physically restraining plaintiff. (ECF No. 69, TAC ¶¶ 54-59.) The foregoing allegations are sufficient to show that the defendant churches' and Shin's employees and adherents, including Ms. Chung, were acting in the scope of their

15

employment and furthering the churches' and Shin's interests when they caused harm to plaintiff. Consequently, the court grants plaintiff's motion for default judgment against Shin and the church defendants as to plaintiff's *respondeat superior* allegations.

G.  Negligent Infliction of Emotional Distress, Negligence, and Negligent Supervision

Plaintiff brings various claims under the theory of negligence: negligent infliction of emotional distress, negligence, and negligent supervision. Because the court grants default judgment as to plaintiff's claims for the intentional torts premised on the same conduct that supports the negligence claims, it denies default judgment as to the negligence claims.

Generally, under New York law, where a claim for an intentional tort and a negligence tort are premised on the same underlying intentional conduct, the plaintiff may not recover on the negligence action. For example, "[w]hen a plaintiff asserts excessive force and assault claims which are premised upon a defendant's allegedly intentional conduct, a negligence claim with respect to the same conduct will not lie." *Dineen ex rel. Dineen v. Stramka*, 228 F. Supp. 2d 447, 454 (S.D.N.Y. 2002); *Tatum v. City of N.Y.*, No. 06-cv-4290 (BSJ)(GWG), 2009 WL 124881, at *10 (S.D.N.Y. Jan. 20, 2009) (finding that where plaintiff pled sufficient facts to support claims of assault and battery, plaintiff could not argue that the same facts would give rise to

16

a claim for either negligence or gross negligence); *Mazzaferro v. Albany Motel Enters., Inc.*, 127 A.D.2d 374, 376 (N.Y. App. Div. 1987) ("[O]nce intentional offensive contact has been established, the actor is liable for assault and not negligence, even when the physical injuries may have been inflicted inadvertently."); *accord Oliver v. Cuttler*, 968 F. Supp. 83, 92 (E.D.N.Y. 1997). Similarly, a claim for negligent infliction of emotional distress may not survive where default judgment is granted on a false imprisonment claim or an intentional infliction of emotional distress claim predicated on the same conduct. *See Regeda v. City of N.Y.*, No. 09-cv-5427 (KAM)(VVP), 2012 WL 7157703, at *13 (E.D.N.Y. Sept. 7, 2012) (dismissing a negligent infliction of emotional distress claim based on intentional conduct that fell within the ambit of a false arrest claim) *adopted by* 2013 WL 619567 (E.D.N.Y. Feb. 19, 2013); *Noonan*, 2017 WL 3638201, at *5 (default judgment denied as to negligent infliction of emotional distress claim where intentional conduct provided alternative remedies, and where default judgment was granted as to intentional infliction of emotional distress claim).

Accordingly, because plaintiff is granted default judgment as to his claims with respect to the intentional conduct, and because the negligence causes of action are predicated on the same intentional conduct, the court denies the motion for default judgment with respect to the negligence claims.

### III. **Damages**

Plaintiff requests a judgment in the amount of $6,000,000.00 for damages and $6,029.92 in expenses. (ECF No. 74, Motion for Default Judgment at 4.) Plaintiff provides no evidentiary support for the damages calculation and provides an attorney affidavit with respect to his expenses. (*See* ECF No. 74-1, Aff. of Daniel Scholfield, Esq.)

If it is "necessary to take account or to determine the amount of damages or to establish the truth of any averment by evidence . . . the court may conduct such hearings or order such references as it deems necessary and proper." *Credit Lyonnais Secs. (USA), Inc. v. Alcantara*, 183 F.3d 151, 154 (2d Cir. 1999); *see* Fed. R. Civ. P. 55(b)(2). "Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." *Id.* at 154-55. Here, the district court must conduct an inquiry in order to ascertain the amount of damages with reasonable certainty. *Kingvision Pay-Per-View Ltd. v. Lalaleo*, 429 F. Supp. 2d 506, 513 (E.D.N.Y. 2006) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 108 (2d Cir. 1997).)

Accordingly, plaintiff is referred to Magistrate Judge Levy for an inquest on damages. *See Walpert v. Jaffrey*, 127 F. Supp. 3d 105, 137 (S.D.N.Y. 2015) (referring damages inquest where

record was insufficient to prove damages); *LaBarbera v. David Liepper & Sons, Inc.*, No. 06-cv-1371 (DLI)(JMA), 2006 WL 2423420, at *1 (E.D.N.Y. July 6, 2006) (performing a damages inquest following the entry of a default judgment against defendants).

## CONCLUSION

The court concludes that plaintiff's motion for default judgment is GRANTED in part and DENIED in part. Plaintiff is granted default judgment as to his claims for: false imprisonment; intentional infliction of emotional distress; *respondeat superior* as to Shin; *respondeat superior* as to U.S. Grace Road Church; *respondeat superior* as to Korean Grace Road Church; assault; battery; and breach of fiduciary duty. The balance of plaintiff's motion for default judgment is denied. The issue of damages is referred to Magistrate Judge Levy for an inquest on damages. The Clerk of Court is respectfully directed to serve a copy of this Memorandum and Order on defendants.

**SO ORDERED.**

Dated:     September 19, 2017
           Brooklyn, New York

                                  _____/s/_____
                                  Kiyo A. Matsumoto
                                  United States District Judge

19