UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUNG-HO HWANG, CONSERVATOR OF : <br> THE ESTATE OF SEUNGICK CHUNG : <br> : | CIVIL ACTION <br> No. 1:14-cv-07187 KAM |
| : <br> V. : <br> : | |
| GRACE ROAD CHURCH (in New York, NY), : <br> GRACE ROAD CHURCH (in South Korea), : <br> OK-JOO SHIN : | DECEMBER 11, 2017 |

## DAMAGES ANALYSIS

The Plaintiff, Sung-Ho Hwang, Conservator of the Estate of Seungick Chung, acting through counsel, hereby respectfully submits this Damages Analysis in advance of the Inquest on Damages scheduled for December 18, 2017.

## WITNESSES

The Conservator, Sung-Ho Hwang, will be the sole witness presented at the inquest on damages.

## FACTUAL BACKGROUND

The following facts are intended to offer the Court a summary of the mechanism of injury in this matter, as well as the egregiousness of the Defendants' conduct.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\26500-26999\26522 S. CHUNG\001 CIVIL VS. GRACE ROAD CHURCH - MAB\PLEADINGS\2017\DAMAGES ANALYSIS FINAL.DOCX

It would not be an overstatement to say that the facts of this case are something one would usually expect to find in a horror story. The Plaintiff's Conserved claims injuries he suffered after a fringe religious cult attempted to cure his severe psychosis and schizophrenia by removing him from his medication and praying over him. Because the result of this misguided attempt at playing doctor was to reduce the Conserved into psychosis, the Defendants responded with the monstrous acts of duct-taping the Conserved to a bed in a basement, gagging him, and continuing to pray over the him for a period of time that lasted up to one week. The deluded acts of the Defendants culminated in the conserved losing his right leg above the knee due to severe necrosis of the tissue caused by the duct tape cutting off circulation. He thereafter endured more than one month of hospitalization in New York, and years' of both physical and mental rehabilitation in a facility in Connecticut. He ultimately was fitted with a prosthetic limb.

The Defendants are Grace Road Church in Korea, Grace Road Church in New York, and the leader of those entities, Ok-Joo Shin. Sometime in early September, 2012, Shin and various other members of her organization entered New York for the purpose of establishing a branch of their cult in the United States. Among those members was Myung-Hee Chung ("Chung"), the Conserved's sister. At the time, the Conserved was

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\26500-26999\26522 S. CHUNG\001 CIVIL VS. GRACE ROAD CHURCH - MAB\PLEADINGS\2017\DAMAGES ANALYSIS FINAL.DOCX

suffering from chronic schizophrenia, which was being controlled with prescription medication.

At the behest of Shin, Chung brought her brother to New York to live in a cult facility for the purpose of bringing him into the fold of the cult, and so that Shin could also attempt to cure him of his schizophrenia through prayer. The Defendants began the "healing" by weaning the Conserved off of his prescription medication.

Thereafter, on or about September 25, 2012, Chung called the police to report that her brother was missing. It would turn out that the Conserved was wandering about Queens in a confused state, which appeared to be due to the reduction in his psychotropic medication.

The Defendants' response to the September 25, 2012 incident was not to return the Conserved to his medication. Rather, concluding that his medication was the problem, the Defendants' elected the exact opposite approach, and removed the Conserved from his medication entirely.

The result was catastrophic. The Conserved became extremely agitated and violent, and was keeping members of the organization, including Shin, awake at night, doing things such as repeatedly slamming his head against the wall. Accordingly, beginning on or about October 2 or 3, 2012, the Defendants elected to restrain the

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\26500-26999\26522 S. CHUNG\001 CIVIL VS. GRACE ROAD CHURCH - MAB\PLEADINGS\2017\DAMAGES ANALYSIS FINAL.DOCX

Conserved in the basement of the facility. This was accomplished by duct-taping the Conserved's neck,[1] wrists, knees, and ankles to a bed, and, to suppress the Conserved's screams, stuffing a sock or other rag into the Conserved's mouth. During this time, the Defendants, in particular Shin, prayed over the Conserved in a continued attempt to cure him of his psychosis.

Beginning on or about October 6, 2012, Chung noticed that the Conserved's right leg was becoming discolored. She responded by applying hot compresses and massaging the Conserved's leg. Shin continued to pray over the Conserved.

On the morning of October 12, 2012, Chung noticed that the Conserved's right leg was no longer merely discolored, but was now also misshapen. Chung and her fiancé, Seung-Youn Pool, also a member of the cult, brought the Conserved to a dermatologist, who immediately instructed the couple to get the Conserved to a hospital.

The Conserved presented at the New York Hospital Queens emergency room thereafter. The report the vascular attending physician generated upon the Conserved's initial presentation reads, in pertinent part, as follows:

---

[1] Days later, when the Conserved was ultimately brought to New York Hospital Queens, for emergency treatment, the treating medical providers noted circumferential bruising on the Conserved's neck.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\26500-26999\26522 S. CHUNG\001 CIVIL VS. GRACE ROAD CHURCH - MAB\PLEADINGS\2017\DAMAGES ANALYSIS FINAL.DOCX

"Patient unable to answer questions secondary to his mental state so history was obtained from family and ER staff. 26 year old male with history of schizophrenia. In the past he was admitted to a psychiatric facility. More recently he has been under the care of his sister, her fiancé and a cousin. He was taken off his medications by his family (unclear reasons why), subsequently his behavior became more difficult to control. Over the past weekend he was tied down, bound, and gagged in the basement of the house for an unknown period of time. When his leg became discolored his sister brought him to the ER. At initial presentation patient was awake but unable to give detail story."

". . . . There are obvious marks on his lips and face. His mouth is bloody. . . . Both wrists have multiple superficial healing lacerations. The [right lower extremity] is cold from knee to foot. The foot and leg up to just above the ankle are extensively mottled. There is superficial skin breakdown with thrombosed veins visible. . . . The right popliteal and pedal pulses are non palpable. Patient is insensate to light touch from just distal to knee down to foot. He is unable to move toes, or ankle. . . ."

\* \* \* \*

"Given advanced state of ischemia the leg is not salvageable. Primary above knee amputation is best option for management of leg. No suitable arterial reconstruction is reasonable. . . . [Patient] is at risk of rhabdomyolysis, renal failure requiring hemodialysis and death."[2]

---

[2] See bates-stamp Chung 10. A complete copy of the Conserved's medical file, which consists of some 1292 pages, will be produced at the inquest on damages.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\26500-26999\26522 S. CHUNG\001 CIVIL VS. GRACE ROAD CHURCH - MAB\PLEADINGS\2017\DAMAGES ANALYSIS FINAL.DOCX

A post-operative report states as follows: "The amputation had to be performed higher than expected because of significant nonviable muscle in the distal thigh."[3]

The damage dealt to the Conserved was not merely physical. For example, on November 8, 2012, approximately one month after he was first brought to the hospital, a psychiatric evaluation of the Conserved performed at the hospital reads: "he continues to hear voices. He is guarded about what they say, but insists that they don't give him directions. He continues to have low self-esteem and believes that he deserves to be punished."

On or about November 20, 2012, the Conserved was transferred to a full-time care and rehabilitation facility in Connecticut, Trinity Hill Care Center. Reports from the Conserved's rehabilitation facility one year and two years post-transfer continue to note conditions such as renal failure, schizophrenia, seizures, and Rhabdomyolysis.[4]

On May 6, 2013, the Plaintiff was appointed the conservator of the estate of Seungick Chung. Thereafter, he initiated the instant action to seek redress for the Conserved's injuries. The Plaintiff's Third Amended Complaint dated April 12, 2016 contains causes of action for false imprisonment, intentional infliction of emotional

---

[3] Bates-stamp Chung 11.
[4] Bates-stamp Chung 50.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\26500-26999\26522 S. CHUNG\001 CIVIL VS. GRACE ROAD CHURCH - MAB\PLEADINGS\2017\DAMAGES ANALYSIS FINAL.DOCX

distress, negligent infliction of emotional distress, assault, battery, negligence, negligent supervision, breach of fiduciary duty, and respondeat superior as to Shin.

On September 7, 2017, the Clerk of the Court entered defaults as to the three Defendants. Thereafter, on September 19, 2017, the Court granted in part and denied in part the Plaintiff's Motion for Default Judgment (Document Number 77), granting a default judgment as to the Plaintiffs' claims for false imprisonment, intentional infliction of emotional distress, respondeat superior, assault, battery, and breach of fiduciary duty.[5] The Court referred the matter for an inquest on damages.

## DAMAGES

The Conserved does not have medical specials, in that he appears to have been provided for by the State of New York or the State of Connecticut at all times.[6] The Conserved does, however, have a massive medical records file post incident, containing some 1292 pages of emergency treatment records, surgical records, physical therapy records, psychiatric treatment records, and rehabilitation records.

---

[5] The Court indicated that it was denying the balance of the motion for default judgment, but did not indicate why it had not granted a default judgment on the negligence or negligent supervision claims.

[6] The Plaintiff has no notice of any liens.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\26500-26999\26522 S. CHUNG\001 CIVIL VS. GRACE ROAD CHURCH - MAB\PLEADINGS\2017\DAMAGES ANALYSIS FINAL.DOCX

The Plaintiff's non-economic damages claim and punitive damages[7] claim is, however, weighty. The conduct of the Defendants was unspeakably horrific and egregious. The Defendants initially removed the Conserved from his necessary psychotropic medication, as a result of which he devolved into a psychotic state. As a further result of that psychosis, the Conserved went missing for a period of time while he wandered about Queens in a confused state.

Thereafter, the Conserved was forcibly subjected to inhumane conditions, tied-down with duct-tape in a basement and gaged as if he were a violent animal that needed to be muzzled. Medical records obtained from New York Hospital Queens reveal that the Conserved had constricting wounds to his ankles, knees, wrists, neck, and mouth. Rather than obtain the medical attention that the Conserved critically needed, the Defendants proceeded to pray over him, and to leave him by himself at night.

The situation got worse when the Conserved's leg began to die. Rather than cease their brutal treatment of the Conserved, the Defendants continued to pray over him, the

---

[7] For example, New York law authorizes the award of punitive damages in a false imprisonment claim where the Defendants' conduct has been so wonton and reckless as to evidence actual malice. *See, e.g. Varriale v. Saratoga Harness Racing, Inc.*, 76 A.D.2d 991, 992 (1980).

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\26500-26999\26522 S. CHUNG\001 CIVIL VS. GRACE ROAD CHURCH - MAB\PLEADINGS\2017\DAMAGES ANALYSIS FINAL.DOCX

only change in their conduct being to apply hot compresses and massage the expiring limb.

When the Defendants did finally cease their madness and seek medical attention for the Conserved, a period of 6-10 days had passed. The Conserved was suffering from severe necrosis of the tissues in his right leg, which was observed by physicians to be cold to the touch, mottled, and to have thrombosed veins visible to the naked eye.[8]

Moreover, throughout the ordeal, the Conserved descended into insanity, with his pre-existing psychosis and schizophrenia permitted to run amok. The result of the Defendants' misguided dalliance with practicing medicine was a young man left with a right leg amputated above the knees, and years' worth of medical and psychiatric treatment in his future. As a result of the Defendants' acts, the Conserved was forced to become a conserved, and to become confined to a rehab facility for years.[9]

What the Defendants did to the Conserved can, fairly and objectively, be given the appellation "torture" without exaggeration. Under the auspices of trying to help the Conserved, the Defendants subjected him to truly terrible conditions. The Conserved's

---

[8] In other words, the Conserved's blocked veins were visible through the skin.
[9] As the Court is aware, the Conserved continued to be confined until he was subsequently, and illegally, removed from the healthcare facility and taken from the country by members of the Defendants'.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\26500-26999\26522 S. CHUNG\001 CIVIL VS. GRACE ROAD CHURCH - MAB\PLEADINGS\2017\DAMAGES ANALYSIS FINAL.DOCX

medical records contain references to the pain the Conserved experienced during the 6-10 day period he was held prisoner in the basement of the cult's facility. They do not and cannot give words to the unspeakable terror he must have simultaneously suffered.

The Conserved was 26 years old at the time of his injury. Further, he had pre-existing mental issues, exacerbating the effect and seriousness, to him, of the new physical limitation associated with having lost a leg.

In light of the foregoing, the Plaintiff, on behalf of his conserved, claims non-economic damages in the following categories:

| | |
|---|---|
| Removal from psychotropic medication and degradation of mental state. | $400,000.00 |
| Constriction injuries to ankles, knees, wrists, neck, mouth and face. | $10,750.00 |
| Pain from gradual death of muscle and other tissue in leg. | $1,000,000.00 |
| Suffering during imprisonment. | $1,000,000.00 |
| Suffering post-surgery, loss of leg for a 26 year old male. | $2,000,000.00 |
| Punitive damages. | $3,000,000.00 |
| **Total** | **$7,410,750.00** |

The Plaintiff claims the following costs:

| Date. | Description. | Amount. |
|---|---|---|
| 05-06-14 | LexisNexis research – April 2014 | $76.97 |
| 06-05-14 | LexisNexis research – May 2014 | $67.79 |

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\26500-26999\26522 S. CHUNG\001 CIVIL VS. GRACE ROAD CHURCH - MAB\PLEADINGS\2017\DAMAGES ANALYSIS FINAL.DOCX

| 08-19-14 | Service of Subpoena – Domovsky Lawyer Service | $116.00 |
|---|---|---|
| 08-20-14 | LexisNexis research – July 2014 | $70.74 |
| 09-05-14 | Mileage to Trinity Hill Heath Center (health facility at which Mr. Chung was residing) | $34.14 |
| 09-10-14 | Site Inspection – Domovsky Lawyer Service | $140.19 |
| 09-10-14 | FedEx – Delivery to Domovsky Laywer Service | $8.55 |
| 09-18-14 | Investigative Services – Personal Protection Services | $657.65 |
| 09-19-14 | Service of Subpoena – Domovsky Lawyer Service | $116.00 |
| 09-24-14 | LexisNexis people search | $8.36 |
| 12-01-14 | Photocopy recovery | $4.20 |
| 12-02-14 | Tolls/ Parking Garage, NYC | $62.00 |
| 12-17-14 | Certificates of good standing, CT Superior Court | $30.00 |
| 12-30-14 | Pro Hac Vice Admission Fees, EDNY | $600.00 |
| 01-22-15 | LexisNexis research – December 2014 | $56.16 |
| 01-23-15 | Transcripts – U.S. Legal Support | $706.30 |
| 02-05-15 | LexisNexis research – January 2015 | $89.94 |

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\26500-26999\26522 S. CHUNG\001 CIVIL VS. GRACE ROAD CHURCH - MAB\PLEADINGS\2017\DAMAGES ANALYSIS FINAL.DOCX

| 03-25-15 | Video – Geomatrix Productions | $732.99 |
| --- | --- | --- |
| 04-13-15 | LexisNexis research – February 2015 | $126.59 |
| 05-18-15 | Investigator in Korea, Youngjin Noh, for property search | $780.00 |
| 06-11-15 | FedEx – delivery to Sheila Butch, transcriptionist | $14.74 |
| 06-17-15 | Transcripts – Sheila Butch | $240.00 |
| 07-08-15 | LexisNexis research – June 2015 | $142.41 |
| 08-18-15 | Investigative services – Personal Protection Services | $1048.70 |
| 08-19-15 | Recordings of probate hearings – Treasurer, State of Connecticut | $25.00 |
| 10-15-15 | Mileage to Hartford Probate Court | $16.69 |
| 12-01-15 | FedEx – delivery to USDC, EDNY | $15.43 |
| 03-03-16 | Photocopy recovery | $14.20 |
| 05-10-16 | Westlaw research – March 2016 | $6.85 |
| | **TOTAL** | **$6029.92** |

The Plaintiff accordingly claims **$7,416,779.92** in total.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\26500-26999\26522 S. CHUNG\001 CIVIL VS. GRACE ROAD CHURCH - MAB\PLEADINGS\2017\DAMAGES ANALYSIS FINAL.DOCX

| | |
|---|---|
| DATED:  December 11, 2017 | **By: Daniel P. Scholfield, Esq.** <br> Steven J. Errante, Esq. (pro hac vice) <br> Marisa A. Bellair, Esq. (pro hac vice) <br> Daniel P. Scholfield, Esq. (pro hac vice) <br> Lynch, Traub, Keefe & Errante, P.C. <br> 52 Trumbull St <br> New Haven, CT 06510 <br> Tel. (203) 787-0275 <br> Fax (203) 782-0278 <br><br> **Jonathan Silver, Esq.** <br> Jonathan Silver, Esq. (7942) <br> Local Attorney for the Plaintiff <br> 80-02 Kew Gardens Road <br> Kew Gardens, New York 11415 <br> (718) 520-1010 |

### CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2017, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic filing. Parties may access this filing through the Court's CM/ECF System.

**By: Daniel P. Scholfield, Esq.**

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\26500-26999\26522 S. CHUNG\001 CIVIL VS. GRACE ROAD CHURCH - MAB\PLEADINGS\2017\DAMAGES ANALYSIS FINAL.DOCX